UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

**FILED**

OCT 1 3 2005

William Moore, Plaintiff )
)
)

v.

Frederick Motz, Defendant, et. al

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:05CV02031

JURY ACTION

JUDGE: Paul L. Friedman

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 10/14/2005

## Plaintiff Motion for a Preliminary Injunction

William Moore, seeks this Motion on the grounds as follows:

1. Deprivation of my Civil rights of two decades.

2. This action has and is causing me irreparable harm due to my good name in the Community and Business world of 26 years, Racial/Ethnic Fairness **on Facts and Laws.**

3. I am suffering as a result of my likelihood.

4. I cannot feel comfortable in the Judicial System of the Fourth circuit Arena.

5. I cannot share my life free with the Community, my Church knowing I have been abused in the Judicial System.

6. I cannot live in North Carolina free from the public my family members knowing the truth of Racism.

7. I cannot not accomplish my goal or die freely of this gruesome action who one prays on for fair and unbiased precedent of everyday Jurisdictions. **permutability.**

8. I would like to share funds due me at this late age.

9. No citizen should be subject to this type of City Municipal abuse or Judicial abuse of sound doctrine on records, with Racial/Ethnic Fairness.

2

10. I have had faith in the system for 26 years, with prayer that I will over come some day, and I can proudly reclaim my dignity, in which there are no disputes in facts or law.

11. One second longer would delay justice "Usurpation".

12. The parties set forth of my claim in violation of the Constitution must face immediate expulsion and my Criminal Record set forth under the fourth Circuit Arena of Racism extortionists, a system of law.

    Whereas I pray that a preliminary injunction be set forth for certain parties be expulsed by Federal authorities immediately.


*William Moore* (signature)
WILLIAM MOORE
2428 Greenmount Avenue
Baltimore, Maryland  21218
(410) 243-9534


8TH      October, 2005
Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

William Moore, Plaintiff        )
                                )
                                )
                                )
            v.                  )
                                )
Frederick Motz, Defendant, et. al )
                                )
                                )
                                )

## Memorandum of Point of Authority in Support of Preliminary Injunction

William Moore set forth this memorandum as cited: In JJ Case Co., v. Borak, 377 U.s. 426, 84 S. Ct. 1555, 12 L.E.D. 2d 423(1964).

Thus, in suits for damages based on violations of federal statues lacking any express authorization of a damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statue.

More importantly, the presumed availability of federal equitable relief against threatened invasions of constitutional interests appears entirely to negate the contention that the statute of an interest as constitutionally protected divests federal courts of the power to grant damages absent express congressional authorization. Congress provided specially for the exercise of equitable remedial powers by federal courts, see Act of May 8, 1792, § 2, 1 Stat. 276, in part because of the limited availability of equitable remedies in state courts in the early days of the Republic.

Roche v. Evaporated Milk Assn., 319 U.s. 21, 26, 63 S.Ct. 938, 941 (1943). While the courts have never confined themselves to an arbitrary and technical definition of "jurisdiction," it is clear that only exceptional circumstances amounting to a Judicial "usurpation of Power" will justify the invocation of this

extraordinary remedy. Thus the writ has been invoked where unwarranted judicial action threatened "to embarrass the executive arm of the government in conducting foreign relations, "where it was the only means of forestalling intrusion by the federal judiciary on a delicate area of federal-state relations, where it was necessary to confine a lower court to the terms of an appellate tribunal's mandate, and where a district judge displayed a persistent disregard of the rules of Civil Procedure promulgated by this Court. And the party seeking mandamus has "the burden of showing that its right to issuance of the writ is clear and indisputable." Bankers Life & Cas. Co v. Holland, 347 U.S. 279, 284, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).

28 U.S.C. § 2106. By contrast, under the All Writs Act, courts of appeals may issue a writ of mandamus only when "necessary or appropriate in aid of their respective jurisdictions. Whereas a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances would undermine the settle limitations on the power of an appellate court to review interlocutory orders. Will v. United States.

In Kerf v. United States District Court, 426 U.S. 394, 96 S.C. 2119, 48 LED. 2d 725 (1976), the court, relying on Will v. United States, stated: The remedy of mandamus is drastic one to be invoked only in extraordinary situations. 8 ***[M]andamus actions *** "have the unfortunate consequence of making the [district court] judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants [appearing] before him" in the underlying case.

In Exparte Fabley, 332 U.S.C. 258, 260, sct. 1558, 1559 (1947 Held as extraordinary remedies, revered for ready extraordinary cases.

[Rule 9(b)] is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules," 5 Wright & Miller, Federal Practice and Procedure: Civil ¶ 1297 at 405, [which] generally serves two important purposes. First, it assures the defendant of "fair notice of what the plaintiff's claim is and the grounds upon which it rests" Denny v. Barber, 576 F.2d 465, 469 (2d Cir. 1978). Secondly, the specificity requirement grows out of the desire to protect defendants from the harm that comes to their reputations or

their goodwill when they are charged with serious wrongdoings.

Wood v. Strickman, 420 U.S. 308, 318, 95 S.Ct. 992, 999, 43 L.Ed.2d. 214 (1975), that certain categories of executive officers should be allowed qualified immunity from liability for acts done on the basis of an objectively reasonable belief that those acts were lawful.

Nothing in the language or legislative history of § 1983, however, suggests that in an action brought against a public official whose position might entitle him to immunity if he acted in good faith, a plaintiff must allege bad faith in order to state a claim for relief. By the plain terms of § 1983, two and only two allegations are required in order to state a cause of action under that statue. First, the plaintiff must allege that some person has deprived him of a federal right. Second he must allege that the person who has deprived him of that right acted under color of state or territorial law. Petitioner has made both of the required allegations. He alleged that his discharge by respondent violated his right to procedural due process, and that respondent acted under color of Puerto Rican law.

Rule 17(A) F.R.C. procedures is the reason for an action had to be brought in the name of the person who had legal title to the right being asserted which is essentially historical.

The person who had only equitable interest, such as assignees, could not sue in their own name. Such equitable interest-owners would be dependent upon the willingness of the person with the legal interest to bring suit for their use. Courts of equity, however, allowed persons with equitable interest to sue in their own name (with the owner of the legal interest typically joined so as to bind him by the decree).

In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront the cross-examine adverse witnesses. What we said in Green v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959), is particularly pertinent here: Certain principles have reminded relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individuals, and the

3

reasonableness of the action depends on facts findings, the evidence used to prove the Government's case must be disclosed to the individual so that he had an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals who memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. The affixed exhibits calculated a pattern of Civil Rights violations. That a Federal Judiciary Court has (seized) a municipal officer in an Equitable decree for not having the City's ability to protect its citizens. See Aetna Life Insurance company v. Hayworth, 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed 617 (1963).

United States v. SCRAP, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254(1973). This inquiry is said to look to whether the plaintiff has suffered an "injury in fact" as has a "personal stake" in the outcome that differentiates him from the public at large.

Moore's Equitable remedies 28 U.S.C.A. § 2201(a) authorized federal courts, where there is an "actual controversy," to "declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or could be sought." Section 2202 empowers the court to enforce a declaratory judgment with "[f]urther necessary and proper relief," which may include an injunction.

I William Moore who lodged complaints and abided by Rules, procedure, provisions and decree was denied due process under the Bill of Right Act of 1866, a right due me, under Title VI 1964 Civil Rights Act.

Title 42 U.S.C. 1983, derived from § 1 of the Civil rights Act of 1871, provides every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights privileges, or party injured in an action at law, suite in equity, or other proper proceedings for redress.

(The Due Process clause of the Fourteenth Amendment Provides): "[N]or shall any State deprive any person of

4

life, liberty, or property, without due process of law..." this clause "raises no impenetrable barrier to the taking of a person's possessions," or liberty, or life. Fuentes v. Shevin, 407 U.S. 67, 81, 92 S. Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property. Thus is deciding what process constitutionally is used in various contexts, the court repeatedly has emphasized that "procedural due process rules are shaped by the risk of error inherent in the truth-finding process..." Mathews v. Eldridge, 434 U.S. 319, 344, 96 § Ct. 893, 907, 471, Ed.2d 18 (1976). Such rules "minimize substantively unfair or mistaken deprivations of "life, liberty, or property by enabling persons to contest the basis upon which a State proposes to deprive them of protected interest. Fuentes v. Shevin, supra, 407 U.S., at 81, 92 S.Ct., at 1994, (All confirmed herein).

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." 42 U.S.C. § 1983. This statue, enacted to aid in "the preservation of human liberty and human rights," reflects a congressional judgment that a "damages remedy against the offending party is a vital component of any scheme for vindicating cherished constitutional guarantees."

My likelihood of irreparable harm out weights the possible harm to the defendants' interests in Elrod v. Burns, 437 U.S. 347, 373 (1976); Johnson v. Bergland, 586 F.2d 993, 995 (4th Cir. 1978). In which a preliminary injunction will affect the public interest set forth of the record.

Moore's prayer is wise to the Fair Administration of Justice. In which Judge Frederick Motz was appointed by Former President Ronald Reagan in 1987 and Judge William D. Quarles, Jr. appointed if correct 2002 by President George Bush both conservatives so is Judge **J. Harvie** Wilkinson, III and this Injunction plays a great disregard for Civil Rights.

United States v. Johnson, 319 U.S. 302, 63 s. Ct. 1075, 87 L.Ed 1413 (1943. Held its Safeguard essential to

5

the Integrity of the Judicial Process. President Bush's conservatives appointed is not in mandate of law constitutionally, subject Bush to Subpoena Decesstecum 17 © Executive Power.

   For all these reason I William Moore declare his Rights Free from the fourth Circuit Arena, by these submitted exhibitations, based on my Judiciary Claims, based on the Judicial abuses, or bias against persons of a particular class governed by the Fourth Circuit 3(B) of 28 U.S.C. § 372(C).

_____
WILLIAM MOORE
2428 Greenmount Avenue
Baltimore, Maryland  21218
(410) 243-9534


_8TH day of October 2005_
Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

This application comes before, the United States District Court of Columbia on October ____, of 2005, by William Moore, 2428 Greenmount Avenue, Baltimore, Maryland 21218.

Moore seeks Declaratory Relief, set forth on record of this jurisdictional of the jurisprudence.

IT IS ORDERED, that Joseph Curran, Jr., Maryland State Attorney General, Munsey Building Calvert and Fayette Streets, Baltimore, Maryland 21202-1918, make retribution to the applicant William Moore, by decree and letter dated May 28, 1986, reference Case Number, Moore v. Schmoke, et. al. Civil Action JFM 85-003, set forth of Moore's complaint;

IT IS ORDERED that Joseph Curran, Jr. repudiate this order, contempt sanctions will or can be levied posed by William Moore and submit copy of same for satisfaction;

IT IS FURTHER ORDERED, that Frederick Motz United States District Court Judge 101 West Lombard Street, Baltimore, Maryland be and is hereby retained from any and all action as set for in William Mores' complaint, or those in concert or participation thereof;

IT IS FURTHER ORDERED that Frederick Motz be restrictive of any Civil rights cases, and those in concert or participation of William Moores' claim pending resolution of this Court, that complies with this mandate;

IT IS IN FURTHEREANCE ORDERED, that the same sanction applies to William D. quarles, Jr. United States District Court, 101 West Lombard Street, Baltimore, Maryland.

Harvie Wilkinson, III, United States Court of appeal 1100 East Main Street, Richmond, Virginia  23219-3517.

ORDERED that this writ of execution be served by any Federal authority of that jurisdiction, upon return to this Court.

So ordered_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

This application on the record comes before, the United States District Court on October ____, of 2005, by William Moore, 2428 Greenmount Avenue, Baltimore, Maryland 21218.

IT IS ORDERED, that Martin O'Malley, Mayor of Baltimore City, whose address in office of the Municipal Building, City Hall 100 N. Holiday Street, Baltimore, Maryland and Sheila Dixon, President of City Council; those in concert, participation, its officer, agent herein and thereafter, hereby restrained from the unconstitutional barbaric arrestees, deprivation , brutalities, harassment, and false imprisonments of the City of Baltimore, Maryland;

IT IS FURTHER ORDERED that Martin O'Malley and Sheila Dixon those enjoined in the operation of authority as top in command, is hereby immediately face expulsion, by law enforcement of the United States Government, in their official capacity set forth of the record of Baltimore, Citizenry Constitutional Rights;

IT IS FURTHER ORDERED that Martin O'Malley and Sheila Dixon be enjoin from seeking any public office in the State of Maryland, pending the applicant Civil rights claim of

Alpha and Omega;

IT IS IN FURTHEREANCE ORDERED, that in the best interest of the citizens of Baltimore, Maryland, of this applicant submitted upon resume as City Council of more than twenty years, serves on the board of estimates, presently City Comptroller, Joan Pratt at the Municipal Building of O'Malley 100 N. Holiday Street, Room 204, Baltimore, Maryland, assume full responsibilities of Martin O'Malley, Mayor of Baltimore City, pending resolution of this applicant claim;

IT IS FURTHERED ORDERED, upon this applicant knowledge, wisdom of the city surroundings and principals of facts, is directed to assist and demand of William Moore, 2428 Greenmount, a declaration in duration of those in authority with the mandates and constitutionalities of law. This could entitle Moore to immediate pay roll pending jurisdiction of this Court;

IT IS FURTHER ORDERED, hereby this court upon this order the restraintants may request a hearing in revelation of repugnant of this declaratory relief.

IT IS SO ORDERED, that this memorandum and order, write of execution served by the enforcement of the federal authorities of any jurisdiction.


So ordered_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

This application comes before, the United States District Court of Columbia on September ____, of 2005, by William Moore, 2428 Greenmount Avenue, Baltimore, Maryland 21218.

Moore seeks Declaratory Relief, set forth on record of jurisprudent and proper relief,"

IT IS ORDERED, that Roy Cooper, North Carolina's Attorney General, 9001 Mail Service Center, Raleigh, North Carolina, 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, is hereby, set forth Civil Rights retribution to William Moore as set forth in the complaint to this application, declaratory on record relief, stipulated.

IT IS HEREBY ORDERED, that the State of North Carolina hereby Alpha and Omega be retrained of any further violation of The United States Constitution;

IT IS ORDERED, that a satisfaction of agreement  omission;

IT IS ORDERED, that a writ of execution be served upon the name above by Federal authority of that jurisdiction.

So ordered_____