UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>FREDERICK MOTZ, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)  Civil Action No.: 05-2031 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO ENLARGE TIME
### TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Defendants Frederick Motz, William D. Quarles, Albert N. Moskowitz, Chris Letkewicz, J. Harvie Wilkinson, III, Samuel Phillips, Patricia S. Connor, and Felicia Cannon respectfully move for an enlargement of time for all Federal Defendants to file an answer or otherwise respond to the complaint in this case pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure.[1] Defendants' response is currently due January 3, 2006. Defendants request an enlargement of time until February 3, 2006, to file an answer or otherwise respond to the complaint.

Plaintiff, a *pro se* former prisoner, brings this action against members of the Department of Justice, the Federal Judiciary, and their respective employees, as well as four (4) other individuals pursuant to "The Writs Act of 28 U.S.C. § 1615", a statute that does not exist as listed. Although it is not clear whether plaintiff has sued the federal defendants in their official or individual capacities, it is clear that each of the federal defendants is protected by absolute immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curium); Yaselli v. Goff, 12 F.2d 396, 406 (2d Cir.

---

[1] In making this motion for an extension of time, the federal defendants do not waive any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

1926), aff'd, 225 U.S. 503 (1927).

The individual federal defendants sued in their personal capacities have the opportunity to request legal representation by the Department of Justice ("DOJ"), pursuant to 28 C.F.R. § 50.15. The decision whether to grant such representation is made by the Torts Branch of DOJ headquarters and, if the request is approved, this Office would likely be appointed as counsel.

The process begins with requests from the federal employees and their respective agencies. The individual defendants have started, but have not completed, the process of requesting DOJ representation from the Torts Branch. Accordingly, this Office cannot yet represent the individual defendants.

Because the defenses of the individual federal defendants as individual defendants will be quite similar, it makes sense for the Court to permit this Office to present a single response to the complaint at one time. Therefore, the enlargement will serve judicial economy.

Counsel for defendants made repeated attempts to contact plaintiff by telephone but was unable to do so.[2]

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.

December 21, 2005                           Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

**Certificate of Service**

I certify I caused copies of the foregoing Defendants' Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

William Moore, *Pro Se*
2428 Greenmount Avenue
Baltimore, MD 21218

on this 21st day of December, 2005.

_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney