## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## WASHINGTON, D.C.

Civil Action No. 1:05-CV-02031PF

WILLIAM MOORE                    )
2428 Greenmount Avenue           )
Baltimore, MD 21218              )
          Plaintiff,    )
                                )
                                )
      v.               )    **DEFENDANT ROY COOPER'S**
                                )    **MOTION TO DISMISS**
FREDERICK MOTZ                   )    **F. R. Civ. P. 12(b)(1);(b)(2); and (b)(6)**
WILLIAM D. QUARELS               )
United States District Court     )
101 West Lombard Street          )
Baltimore, MD 21201;             )
                                )
ALBERT N. MOSKOWITIZ             )
CHRIST LETKEWICZ                 )
Criminal Civil Rights Division   )
950 Pennsylvania Avenue, N.W.    )
Washington, D.C. 20530;          )
                                )
J. HARVIE WILKINSON, III         )
SAMUEL W. PHILLIPS               )
PATRICIA S. CONNOR               )
United States Court of Appeals   )
1100 East Main Street            )
Richmond, Va. 23219-3517;        )
                                )
MARTIN O'MALLEY                  )
SHEILA DIXON;                    )
100 North Holliday St.           )
Baltimore, MD 21202;             )
                                )
ROY COOPER                       )
North Carolina Attorney General  )
P.O. Box 629                     )
Raleigh, NC 27602-0629;          )

JOSEPH CURRAN                                    )
Munsey Building                                   )
Calvert & Fayette St.                             )
Baltimore, MD 21202-1918;                         )
                                                  )
FELICIA C. CANNON                                )
United States District Court                      )
101 West Lombard St.                              )
Baltimore, MD 21201                              )
                        Defendants.              )

North Carolina Attorney General Roy Cooper, defendant herein, moves to dismiss the above

captioned action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; 12(b)(2)

for lack of personal jurisdiction; and 12(b)(6) for failure to state a claim upon which relief may be

granted.

In support of said motion, defendants refer to their Memorandum of Points and Authorities

filed simultaneously with this motion.

Respectfully submitted, this 14th day of December, 2005.

                        ROY COOPER
                        Attorney General

                        s/ David Roy Blackwell
                        Special Deputy Attorney General
                        N.C. State Bar No. 7007
                        e-mail: dblack@ncdoj.com

                        North Carolina Department of Justice
                        Post Office Box 629
                        Raleigh, North Carolina 27602
                        Telephone: 919.716.6900
                        Facsimile: 919.716.6763

2

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **DEFENDANT ROY COOPER'S MOTION TO DISMISS** and **PROPOSED ORDER** in the above titled action upon all other parties to this cause by:

[  ]    Hand delivering a copy hereof to each said party or to the attorney thereof;

[  ]    Transmitting a copy hereof to each said party via facsimile transmittal; or

[X]    Depositing a copy hereof, first-class postage pre-paid in the United States mail,

properly addressed to:

WILLIAM MOORE                          MARTIN O'MALLEY
2428 Greenmount Avenue                 SHEILA DIXON
Baltimore, MD 21218                    100 North Holliday St.
                                       Baltimore, MD 21202

FREDERICK MOTZ
WILLIAM D. QUARELS                     JOSEPH CURRAN
United States District Court           Munsey Building
101 West Lombard Street                Calvert & Fayette St.
Baltimore, MD 21201                    Baltimore, MD 21202-1918

ALBERT N. MOSKOWITIZ                    FELICIA C. CANNON
CHRIST LETKEWICZ                       United States District Court
Criminal Civil Rights Division         101 West Lombard St.
950 Pennsylvania Avenue, N.W.          Baltimore, MD 21201
Washington, D.C. 20530

J. HARVIE WILKINSON, III
SAMUEL W. PHILLIPS
PATRICIA S. CONNOR
United States Court of Appeals
1100 East Main Street
Richmond, Va. 23219-3517

This the 14th day of December, 2005.

s/ David Roy Blackwell
Special Deputy Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Civil Action No. 1:05-CV-02031PF

WILLIAM MOORE                          )
2428 Greenmount Avenue                 )
Baltimore, MD 21218                    )
                    Plaintiff,         )
                                       )
                                       )
        v.                             )        **MEMORANDUM OF POINTS**
                                       )        **AND AUTHORITIES**
FREDERICK MOTZ                         )        **IN SUPPORT OF DEFENDANT**
WILLIAM D. QUARELS                     )        **ROY COOPER'S MOTION TO**
United States District Court           )        **DISMISS**
101 West Lombard Street                )
Baltimore, MD 21201;                   )
                                       )
ALBERT N. MOSKOWITIZ                   )
CHRIST LETKEWICZ                       )
Criminal Civil Rights Division         )
950 Pennsylvania Avenue, N.W.          )
Washington, D.C. 20530;                )
                                       )
J. HARVIE WILKINSON, III              )
SAMUEL W. PHILLIPS                     )
PATRICIA S. CONNOR                     )
United States Court of Appeals         )
1100 East Main Street                  )
Richmond, Va. 23219-3517;              )
                                       )
MARTIN O'MALLEY                        )
SHEILA DIXON;                          )
100 North Holliday St.                 )
Baltimore, MD 21202;                   )
                                       )
ROY COOPER                             )
North Carolina Attorney General        )
P.O. Box 629                           )
Raleigh, NC 27602-0629;                )

JOSEPH CURRAN                          )
Munsey Building                        )
Calvert & Fayette St.                  )
Baltimore, MD 21202-1918;              )
                                       )
FELICIA C. CANNON                      )
United States District Court           )
101 West Lombard St.                   )
Baltimore, MD 21201                    )
                          Defendants.  )

INDEX

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     THIS COURT LACKS PERSONAL JURISDICTION OVER ATTORNEY
           GENERAL COOPER AND THE COMPLAINT SHOULD BE DISMISSED
           PURSUANT TO FED. R. CIV. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    THE STATUTE OF LIMITATIONS HAS RUN ON THESE CLAIMS AND
           THE *ROOKER-FELDMAN* DOCTRINE BARS FEDERAL COURT
           JURISDICTION IN THIS MATTER. THIS COURT SHOULD DISMISS
           THIS ACTION PURSUANT TO FED. R. CIV. P. 12(b)(1). . . . . . . . . . . . . 4

           A.    The Statute of Limitations Has Run on the Plaintiff's Claims . . . . . . . . 5

           B.    The Rooker-Feldman Doctrine Bars These Claims. . . . . . . . . . . . . . . . 6

           C.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
           MAY BE GRANTED AGAINST ATTORNEY GENERAL ROY COOPER.
           THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO FED.
           R. CIV. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           A.    The Legal Standards Applicable To A Rule 12(b)(6) Motion To
                 Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    IV.   THE ELEVENTH AMENDMENT BARS THIS ACTION AGAINST BOTH
           THE STATE OF NORTH CAROLINA ATTORNEY GENERAL'S OFFICE
           AND ROY COOPER IN HIS OFFICIAL CAPACITY AS ATTORNEY
           GENERAL. NEITHER THE STATE NOR THE ATTORNEY GENERAL
           ARE PERSONS WITHIN THE MEANING OF THE CIVIL RIGHTS
           STATUTES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

### CASES

*Barr v. Clinton*, 361 U.S. App. D.C. 472, 370 F.3d 1196,
   *reh'g denied*, 2004 U.S. App. LEXIS 16070 (D.C. Cir. Aug. 3, 2004) . . . . . . . . . . . . 6

*Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 5

*Camack v. Hardees Food Systems, Inc.*, 410 F. Supp. 469 (M.D.N.C. 1976) . . . . . . . . . . 5

*Campbell v. AMTRAK*, 163 F. Supp. 2d 19 (D.D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . 5

*Carney v. American Univ.*, 331 U.S. App. D.C. 416, 151 F.3d 1090 (D.C. Cir. 1998) . . . . . . . 5

*District of Columbia Court of Appeals v. Feldman*,
   460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) . . . . . . . . . . . . . . . . . . 6

*Ganey v. Barefoot*, 749 F.2d 1124 (4th Cir. 1984),
   *cert. denied*, 472 U.S. 1019, 105 S. Ct. 3484, 87 L. Ed. 2d 619 (1985) . . . . . . . . . . . . 6

*Hall v. Clinton*, 350 U.S. App. D.C. 422, 285 F.3d 74,
   *reh'g denied enbanc*, 2002 U.S. App. LEXIS 12055 (D.C. Cir. June 12, 2002) . . . . . . . 5

*Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890) . . . . . . . . . . . . . . . . . . . 9

*Henthorn v. Department of Navy*, 29 F.3d 682 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 7

*Herbage v. Meese*, 747 F. Supp. 60 (D.D.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hurney v. Carver*, 602 F.2d 993 (1st. Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lapides v. Board of The University System of Georgia*,
   535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) . . . . . . . . . . . . . . . . . . . . . . 9

*Lojo v. Paulos*, No. 95-0165, 1995 U.S. Dist. LEXIS 16672 (D.D.C. Oct. 25, 1995),
   *aff'd*, 1997 U.S. App. LEXIS 3174 (D.C. Cir. Jan. 16, 1997) . . . . . . . . . . . . . . . . . . 4

*Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) . . . . . . . . . . . . . . 5

*Reuber v. United States*, 750 F.2d 1039 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) . . . . . . . . . . 6

*Seminole Tribe v. Florida*, 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) . . . . . . . . . 9

\* *Stanton v. District of Columbia Court of Appeals*,
    326 U.S. App. D.C. 404, 127 F.3d 72 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Whitehorn v. FCC*, 235 F. Supp. 2d 1092, 1102 (D. Nev. 2002) . . . . . . . . . . . . . . . . . . . . 6

\**Will v. Michigan Dep't of State Police*,
    491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

D.C. Code § 13-423(a)(1-4) (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### WASHINGTON, D.C.

Civil Action No. 1:05-CV-02031PF

WILLIAM MOORE                                  )
2428 Greenmount Avenue                         )
Baltimore, MD 21218                            )
                          Plaintiff,           )
                                               )
                                               )
                   v.                          )     **MEMORANDUM OF POINTS AND**
                                               )     **AUTHORITIES**
FREDERICK MOTZ                                 )     **IN SUPPORT OF DEFENDANT**
WILLIAM D. QUARELS                             )     **ROY COOPER'S MOTION TO**
United States District Court                   )     **DISMISS**
101 West Lombard Street                        )
Baltimore, MD 21201;                           )
                                               )
ALBERT N. MOSKOWITIZ                           )
CHRIST LETKEWICZ                               )
Criminal Civil Rights Division                 )
950 Pennsylvania Avenue, N.W.                  )
Washington, D.C. 20530;                        )
                                               )
J. HARVIE WILKINSON, III                       )
SAMUEL W. PHILLIPS                             )
PATRICIA S. CONNOR                             )
United States Court of Appeals                 )
1100 East Main Street                          )
Richmond, Va. 23219-3517;                      )
                                               )
MARTIN O'MALLEY                                )
SHEILA DIXON;                                  )
100 North Holliday St.                         )
Baltimore, MD 21202;                           )
                                               )
ROY COOPER                                     )
North Carolina Attorney General                )
P.O. Box 629                                   )
Raleigh, NC 27602-0629;                        )

```
JOSEPH CURRAN                          )
Munsey Building                        )
Calvert & Fayette St.                  )
Baltimore, MD 21202-1918;              )
                                       )
FELICIA C. CANNON                      )
United States District Court           )
101 West Lombard St.                   )
Baltimore, MD 21201                    )
                    Defendants.        )
```

## STATEMENT OF THE CASE

This is a civil action filed by the Plaintiff asserting jurisdiction of the Court pursuant to the

Writs Act of 28 U.S.C. § 1615 [*sic*] seeking declaratory relief. Plaintiff asserts deprivation of his

civil rights "of the fourth Teenth [*sic*] Amendment due process, and Fifteenth Amendment of the

Equal Protection Clause of the United States Constitution." (Comp. ¶ 5) Plaintiff also "prays for

$2 million dollars from the State of North Carolina Attorney Generals Office plus 10% with interest

of 27 years, that had deprived him of his rights and Likelihood." Plaintiff names as defendant and

asserts "Roy Cooper is acting in the capacity of North Carolina, Attorney Generals Office." (Comp.

¶ 38)

North Carolina Attorney General Roy Cooper has moved to dismiss this action for lack of

personal jurisdiction; for lack of subject matter jurisdiction based upon the expiration of the statute

of limitations and on the basis of the *Rooker-Feldman* doctrine; on the basis of Eleventh Amendment

Immunity; and for failure to state a claim upon which relief may be granted. This memorandum

supports these motions.

## STATEMENT OF THE FACTS

Plaintiff's fifty-two (52) paragraph Complaint recites Plaintiff's interactions with the legal system beginning in 1977 in North Carolina. Of significance here, Plaintiff, in paragraph 38, pleads that:

> Defendant, Roy Cooper is acting in the capacity of North Carolina, Attorney Generals Office. During this Civil Rights claim, plaintiff was in North Carolina while he operated a Barber Shop at 106 South Wilmington Street, located next door to the Attorney General Office, who was Attorney General Rufus Edmonston. Also during the commencement of a Seven Million Dollar civil rights Suit in 1977, United States District Court, Wake county Raleigh, in which the Honorable Frank Dupree, Jr. Evaluated the claim and rendered a hand written Complaint and Summons.

Complaint paragraphs 39-48 recount the basis for and history of that action. In paragraph 48, Plaintiff notes that he "never had a criminal record until 1977 during a judicial conspiracy set forth in my affidavit."

Plaintiff also recounts numerous other alleged wrongs he has suffered at the hands of various courts in the State of Maryland during the 1980's. Additionally, Plaintiff contends the United States Court of Appeals for the Fourth Circuit inflicted wrongs upon him.

## ARGUMENT

### I.    THIS COURT LACKS PERSONAL JURISDICTION OVER ATTORNEY GENERAL COOPER AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2).

Plaintiff makes no assertion that North Carolina Attorney General Roy Cooper or the State of North Carolina engaged in any contact with the District of Columbia. Indeed, the only allegation concerning the North Carolina Attorney General involves Attorney General Rufus Edmisten, and refers to alleged activities in Raleigh, North Carolina, occurring in 1977. (Comp. ¶¶ 38-48) The remaining allegations apparently flow from civil actions instituted and litigated in courts sitting in

Maryland in which neither Roy Cooper nor Rufus Edmisten played any role. No allegation even

suggests that Attorney General Roy Cooper ever caused this Plaintiff tortious injury in the District

of Columbia by an act or omission committed in the District, or that he regularly solicited business

or engaged in a persistent course of conduct within the District and caused tortious injury inside the

District by an act done outside the District. *See* D.C. Code § 13-423(a)(1-4) (1981).

This case is very similar to *Lojo v. Paulos*, No. 95-0165, 1995 U.S. Dist. LEXIS 16672

(D.D.C. Oct. 25, 1995), *aff'd* 1997 U.S. App. LEXIS 3174 (D.C. Cir. Jan. 16, 1997), in which this

Court dismissed a complaint as to non-resident attorney Edward L. Gilbert. There, this Court noted:

> Plaintiff has not alleged that Gilbert conducted business in the District, or that
> plaintiff suffered injury in the District as a result of Gilbert's actions. The Court
> lacks personal jurisdiction pursuant to D.C. Code § 13-423(a), and must dismiss the
> complaint against Gilbert under Rule 12(b)(2) of the Federal Rules of Civil
> [P]rocedure.

*Id.* at *8-*9. *See also Reuber v. United States*, 750 F.2d 1039 (D.C. Cir. 1984).

The Plaintiff's Complaint fails to establish any basis for this Court's exercise of personal

jurisdiction over Attorney General Roy Cooper. As in *Lojo*, this action should be dismissed for lack

of personal jurisdiction.

## II.    THE STATUTE OF LIMITATIONS HAS RUN ON THESE CLAIMS AND THE *ROOKER-FELDMAN* DOCTRINE BARS FEDERAL COURT JURISDICTION IN THIS MATTER. THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO FED. R. CIV. P. 12(b)(1).

Plaintiff's Complaint establishes, on its face, that the statute of limitations has run on any

possible claims he might raise against North Carolina Attorney General Roy Cooper, individually,

or in his official capacity. Read liberally, Plaintiff attempts to assert a Fourteenth Amendment Due

Process and a Fifteenth Amendment Equal Protection claim. (Comp. ¶ 5) Presuming that Plaintiff

4

were to file his action pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, or 42 U.S.C. § 1985, the

statute of limitations has clearly run. Additionally, to the extent Plaintiff attempts to challenge his

North Carolina conviction, the *Rooker-Feldman* doctrine bars federal jurisdiction.

**A.      The Statute of Limitations Has Run on the Plaintiff's Claims.**

Plaintiff alleges that "during this Civil Rights claim, plaintiff was in North Carolina which

he operated a Barber Shop at 106 South Wilmington Street, located next door to the Attorney

General Office, who was Attorney General Rufus Edmonston." (Comp. ¶ 38) Plaintiff then goes

forward and alleges consequences from a 1977 civil rights action filed in the Eastern District of

North Carolina, apparently arising out of a state criminal prosecution.  (Comp. ¶¶ 38- 48)  The

remainder of the Complaint's allegations deal with litigation in Maryland in the 1980's.  As the

public record reveals, Rufus Edmisten served two terms as North Carolina's Attorney General from

January, 1975 until January, 1985.  Roy Cooper became Attorney General in January, 2001, and

currently serves in that position.  Thus, Plaintiff's claims are decades old.

This Court applies a three-year statute of limitations to 42 U.S.C. § 1981 claims.  *See*

*Campbell v. AMTRAK*, 163 F. Supp. 2d 19 (D.D.C. 2001).  A federal court in North Carolina also

applies a three-year limit. *See Camack v. Hardee's Food Systems, Inc.*, 410 F. Supp. 469 (M.D.N.C.

1976).  Similarly, both this Court and the Fourth Circuit apply a three-year limitations period to

actions under 42 U.S.C. § 1983. *See Owens v. Okure*, 488 U.S. 235, 243-50, 109 S. Ct. 573, 578-82,

102 L. Ed. 2d 594, 601-06 (1989); *Carney v. American Univ.*, 331 U.S. App. D.C. 416, 151 F.3d

1090, 1096 (D.C. Cir. 1998); and *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996).  A

three-year limitation also applies to actions under 42 U.S.C. § 1985. *Hall v. Clinton*, 350 U.S. App.

D.C. 422, 285 F.3d 74, 82, *reh'g denied enbanc*, 2002 U.S. App. LEXIS 12055 (D.C. Cir. June 13,

2002); and *Barr v. Clinton*, 361 U.S. App. D.C. 472, 370 F.3d 1196, *reh'g denied*, 2004 U.S. App. LEXIS 16070 (D.C. Cir. Aug. 3, 2004).    Undersigned counsel found no case determining the applicable North Carolina limitations period for a 42 U.S.C. § 1985 action.  However, other courts apply the same limitation period (three years) to actions under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  *See Whitehorn v. FCC*, 235 F. Supp. 2d 1092, 1102 (D. Nev. 2002).

The three-year statute of limitations has long run on any claims against Attorney General Cooper or the North Carolina Attorney General's Office.  This Court should dismiss this action.

**B.    The Rooker-Feldman Doctrine Bars These Claims.**

Plaintiff's Complaint references a 1977 conviction, presumably in a North Carolina Court, as well as other litigation apparently peripherally related thereto.  The succeeding paragraphs of this Complaint seek to relitigate that conviction and subsequent federal civil rights litigation on the basis that the results in both stand tainted by a grand conspiracy.  Federal decisions bar such claims even if the plaintiff alleges the unconstitutionality of the state court action.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 1316-17, 75 L. Ed. 2d 206, 225 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362, 365 (1923); *Stanton v. District of Columbia Court of Appeals*, 326 U.S. App. D.C. 404, 127 F.3d 72 (D.C. Cir. 1997); and *Ganey v. Barefoot*, 749 F.2d 1124, 1127 (4th Cir. 1984), *cert. denied*, 472 U.S. 1019, 105 S. Ct. 3484, 87 L. Ed. 2d 619 (1985).  Thus, to the extent Plaintiff seeks to relitigate in this action the prior state court proceedings, the *Rooker-Feldman* doctrine bars this action.

**C.    Conclusion**

The statute of limitations has run on these claims, and *Rooker-Feldman* bars federal review of the state court proceedings.  This Court should dismiss this action.

III.    **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST ATTORNEY GENERAL ROY COOPER.  THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6).**

Plaintiff files this action *pro se*, in which he attempts to assert claims pursuant to the

Fourteenth Amendment Due Process Clause and the Fifteenth Amendment Equal Protection Clause.

The Complaint pleads disjointed facts without factual support for the claims.  The Complaint fails

to allege any conduct by Attorney General Roy Cooper, either individually or officially, which

adversely affected the Plaintiff.  The conclusory allegations support no claims.  This Court should

dismiss this action.

A.    **The Legal Standards Applicable To A Rule 12(b)(6) Motion To Dismiss**

The District of Columbia Circuit sets forth the standards for determining a Rule 12(b)(6)

motion to dismiss in *Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994):

> Dismissal of Henthorn's claim at the 12(b)(6) stage was proper only if, after construing the complaint liberally in Henthorn's favor and granting Henthorn the benefit of all reasonable inferences to be derived from the facts alleged, he could prove no set of facts in support of his claim that would entitle him to relief.  *Kowal*, 16 F.3d at 1276.  We also note that Henthorn's complaint was filed *pro se*.  *Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  Nonetheless, "[a] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."  *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  And, liberal as these pleading standards may be, the district court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations."  *Kowal*, 16 F.3d at 1276.

Suits against public officials alleging unconstitutional or illegal conduct must meet the requirements

of Federal Rules of Civil Procedure 8.  As this Court noted:

7

Although the Court must "ask whether the 'claim' put forward in the complaint is capable of being supported by any conceivable set of facts," the claim should "at least set forth minimal facts, not subjective characterizations, as who did what to whom and why." *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944, 103 S. Ct. 2121, 77 L. Ed. 2d 1301 (1983). Furthermore, our circuit commands that "[m]erely conclusory allegations of unconstitutional motive, devoid of factual support, must be found lacking and be dismissed." *Hobson v. Wilson*, 737 F.2d 1, 31 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1084, 105 S. Ct. 1843, 85 L. Ed. 2d 142 (1985).

*Herbage v. Meese*, 747 F. Supp. 60, 64 (D.D.C. 1990). This Court also cited *Hurney v. Carver*, 602 F.2d 993, 995 (1st. Cir. 1979), noting that even when faced with a *pro se* complaint, a court need not conjure up unpleaded facts to support conclusory allegations. *Id.* at 64 n.7.

A review of the Complaint filed in this matter reveals no allegations of fact showing any action or conduct by Attorney General Roy Cooper or the Office of the North Carolina Attorney General which could support any claim for relief. The Complaint recites virtually no facts whatsoever to suggest that Attorney General Cooper or the Office of the North Carolina Attorney General played any role in Plaintiff's misfortunes. Indeed, the Complaint asserts that then Attorney General Rufus Edmisten "embraced the plaintiff pledging his support and prayer." (Comp. ¶ 38)

The Complaint states no cognizable claim against Roy Cooper either individually or as designated by the Plaintiff as "in the capacity of North Carolina Attorney Generals Office." This Court should dismiss this action for failure to state a claim.

8

IV.    **THE ELEVENTH AMENDMENT BARS THIS ACTION AGAINST BOTH THE STATE OF NORTH CAROLINA ATTORNEY GENERAL'S OFFICE AND ROY COOPER IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL. NEITHER THE STATE NOR THE ATTORNEY GENERAL ARE PERSONS WITHIN THE MEANING OF THE CIVIL RIGHTS STATUTES.**

In *Seminole Tribe v. Florida,* 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996), the Supreme Court very clearly held that the Eleventh Amendment absolutely bars suits in federal courts by a citizen against a state and its officials, regardless of the type of relief sought, unless Congress possessed the power to abrogate the immunity afforded by the Eleventh Amendment and did so with an unmistakably clear legislative statement of such intent. *Id.* at 55, 116 S. Ct. at 1123, 134 L. Ed. 2d at 266. Thus, Plaintiff may not maintain a federal court action against North Carolina or one of her officers absent specific congressional authorization there for in a statute enacted pursuant to powers granted by the Constitution.

Neither a State nor her officers are persons within the meaning of the civil rights statutes. "We hold that neither a State nor its officials acting in their official capacities are "persons under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45, 58 (1989). Pursuant to the State's Eleventh Amendment immunity from suit, the State need not subject itself to federal jurisdiction absent voluntary consent. *See Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890); and *Lapides v. Board of The University System of Georgia*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (reaffirming Eleventh Amendment jurisprudence but finding waiver where a State voluntarily removes a case to a federal forum). Neither Attorney General Roy Cooper nor the State of North Carolina have consented to this action in a federal forum.

North Carolina Attorney General Roy Cooper and the State of North Carolina stand entitled to Eleventh Amendment immunity. This Court should dismiss this action.

## CONCLUSION

Plaintiff fails to allege any facts which would put the North Carolina Attorney General on notice as to the particular claims Plaintiff asserts against him or the Office of the Attorney General. Any conceivable claims appear barred by the passage of time or federal law and doctrine. This Court lacks personal jurisdiction over Attorney General Cooper and the Office of the Attorney General for the State of North Carolina. Thus, this Court should dismiss this action.

Respectfully submitted, this 14th day of December, 2005.

ROY COOPER
Attorney General


s/ David Roy Blackwell
Special Deputy Attorney General
N.C. State Bar No. 7007
e-mail: dblack@ncdoj.com

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602

Telephone: 919.716.6900
Facsimile: 919.716.6763

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **DEFENDANT ROY COOPER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROY COOPER'S MOTION TO DISMISS** in the above titled action upon all other parties to this cause by:

[ ]    Hand delivering a copy hereof to each said party or to the attorney thereof;

[ ]    Transmitting a copy hereof to each said party via facsimile transmittal; or

[X]    Depositing a copy hereof, first class postage pre-paid in the United States mail,

     properly addressed to:

WILLIAM MOORE
2428 Greenmount Avenue
Baltimore, MD 21218

FREDERICK MOTZ
WILLIAM D. QUARELS
United States District Court
101 West Lombard Street
Baltimore, MD 21201

ALBERT N. MOSKOWITIZ
CHRIST LETKEWICZ
Criminal Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

J. HARVIE WILKINSON, III
SAMUEL W. PHILLIPS
PATRICIA S. CONNOR
United States Court of Appeals
1100 East Main Street
Richmond, Va. 23219-3517

MARTIN O'MALLEY
SHEILA DIXON
100 North Holliday St.
Baltimore, MD 21202

JOSEPH CURRAN
Munsey Building
Calvert & Fayette St.
Baltimore, MD 21202-1918

FELICIA C. CANNON
United States District Court
101 West Lombard St.
Baltimore, MD 21201

This the 14th day of December, 2005.

                                         s/ David Roy Blackwell
                                         Special Deputy Attorney General