UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

William Moore, Plaintiff .          )
2428 Greenmount Avenue              )
Baltimore, Maryland  21218          )
                                    )                    *PLF*
            v.                      )
                                    )Civil No.: 1:05-CV-02031 ~~TPE~~
                                    )
Frederick Motz, Defendant, et. al )
United States District Court        )
101 West Lombard Street             )
Baltimore, Maryland  21201          )


### Plaintiff Response to Pleading of all Averments

     Defendant Roy cooper and the North Carolina Attorney
Generals office response, does not refute the averments the
complaint nor the exhibition of the facts, that "indeed shows
a 42 U.S.C. 1983" action which is not barred by statute of
limitations, the claim was filed almost instantly after the
occurrence.

     A party, however, may not deny sufficient information or
knowledge with impunity, but is subject to the requirements of
honesty in pleading see 2 A Moore, Federal Practice 8.22(1968).

Rule 8(b) Averments

Requires a defendant to go down each paragraph deny or admit.
(1)  Defendant admitted Moore's Civil rights were violated by
incarceration; (2) He was retired to drop his Civil claim; (3)
the jury was tainted; (4) Moore was kidnapped held in jail,
taken to trial court the next morning treated as a slave under
the bill of rights act of 1866, until he attorneys surprised
the court by their entrance; (5) They established Moore a
criminal record; (6) he sustained fire burns to his body while
incarceration; (7) after the court of appeals vacated the
sentence the State was still holding Moore illegal.  All on the
record submitted with the complaint in which was and has been
under Judi care pro bono.  See Marcus, the revival of fact
pleading under the federal rules of Civil procedure, 86
Colum.L. Rev. 433, 454-58, 493-94 (1986):

A defendant attorney to this action during seeking an extension of time made reference that plaintiff was a former prisoner, in which this litigation has been bias and prejudice.

This allege action was caused by the State of North Carolina. This action calls for settlement whether or not well founded.

The united States Supreme Court in:

No. 04-1203 United States v. Georgia held that the fourteenth and fifteenth Amendment Guarantees of due process and equal protection of laws for actual constitutional violations and authorities a broader category of lawsuits that seeks to deter future violations.

This will conclude any further responding to North Carolina, the facts are establish, the law has been established that William Moore has been denied due process of "Law" and F.R.C. pro (68) negotiate this offer with ten days, that I will accept $3,000,000.00 million, I confirm, see exhibits submitted. See attachment of the above reference Courts Opinion.

Any further action will be on Appeal due to this long standing delayed Civil Rights Claims. For these reasons set forth of William Moore.

Respectfully submitted this _22nd_ Day of January 2006.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff
Response to Pleading of all Averments as served on the address
below by mailing the same on _January 22nd_ in a postage
paid wrapper addressed as follows:

        David Roy Blackwell
        Special Deputy Attorney
        P.O. Box 629
        Raleigh, NC  27602


Date: _1-22-06_                    _William Moore_
                                   WILLIAM MOORE
                                   2428 Greenmount Avenue
                                   Baltimore, MD  21218
                                   (410) 243-9534

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITED STATES *v.* GEORGIA ET AL.

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 04–1203. Argued November 9, 2005—Decided January 10, 2006*

Goodman, petitioner in No. 04–1236, is a paraplegic who sued respondent state defendants and others, challenging the conditions of his confinement in a Georgia prison under, *inter alia,* 42 U. S. C. §1983 and Title II of the Americans with Disability Act of 1990. As relevant here, the Federal District Court dismissed the §1983 claims because Goodman's allegations were vague, and granted respondents summary judgment on the Title II money damages claims because they were barred by state sovereign immunity. The United States, petitioner in No. 04–1203, intervened on appeal. The Eleventh Circuit affirmed the District Court's judgment as to the Title II claims, but reversed the §1983 ruling, finding that Goodman had alleged facts sufficient to support a limited number of Eighth Amendment claims against state agents and should be permitted to amend his complaint. This Court granted certiorari to decide the validity of Title II's abrogation of state sovereign immunity.

*Held:* Insofar as Title II creates a private cause of action for damages against States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity. Pp. 5–8.

(a) Because this Court assumes that the Eleventh Circuit correctly held that Goodman had alleged actual Eighth Amendment violations for purposes of §1983, and because respondents do not dispute Goodman's claim that this same conduct violated Title II, Goodman's Title II money damages claims were evidently based, at least in part, on conduct that independently violated §1 of the Fourteenth Amend-

*Together with No. 04–1236, *Goodman* v. *Georgia et al.,* also on certiorari to the same court.

Cite as: 546 U. S. ____ (2006)          1

STEVENS, J., concurring

# SUPREME COURT OF THE UNITED STATES

Nos. 04–1203 and 04–1236

### UNITED STATES, PETITIONER
04–1203                *v.*
### GEORGIA ET AL.


### TONY GOODMAN, PETITIONER
04–1236                *v.*
### GEORGIA ET AL.

ON WRITS OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[January 10, 2006]

JUSTICE STEVENS, with whom JUSTICE GINSBURG joins, concurring.

The Court holds that Title II of the Americans with Disabilities Act of 1990 validly abrogates state sovereign immunity at least insofar as it creates a private cause of action for damages against States for conduct that violates the Constitution. *Ante*, at 7. And the state defendants have correctly chosen not to challenge the Eleventh Circuit's holding that Title II is constitutional insofar as it authorizes prospective injunctive relief against the State. See Brief for Respondents 6; see also *Miller* v. *King*, 384 F. 3d 1248, 1264 (CA11 2004). Rather than attempting to define the outer limits of Title II's valid abrogation of state sovereign immunity on the basis of the present record, the Court's opinion wisely permits the parties, guided by *Tennessee* v. *Lane*, 541 U. S. 509 (2004), to create a factual record that will inform that decision.* I therefore join the

---

*Such definition is necessary because Title II prohibits "'a somewhat broader swath of conduct'" than the Constitution itself forbids. *Lane*,

STEVENS, J., concurring

disabled prisoners, such as allegations of the abridgment
of religious liberties, undue censorship, interference with
access to the judicial process, and procedural due process
violations. See, *e.g., Vitek* v. *Jones,* 445 U. S. 480 (1980)
(procedural due process); *May* v. *Sheahan,* 226 F. 3d 876
(CA7 2000) (access to judicial process, lawyers, legal mate-
rials, and reading materials); *Littlefield* v. *Deland,* 641 F.
2d 729 (CA10 1981) (access to reading and writing materi-
als); *Nolley* v. *County of Erie,* 776 F. Supp. 715 (WDNY
1991) (access to law library and religious services).

Indeed, given the constellation of rights applicable in
the prison context, it is clear that the Eleventh Circuit has
erred in identifying only the Eighth Amendment right to
be free from cruel and unusual punishment in performing
the first step of the "congruence and proportionality"
inquiry set forth in *City of Boerne* v. *Flores,* 521 U. S. 507
(1997). See *Miller,* 384 F. 3d, at 1272, and n. 28 (declining
to entertain United States' argument that *Lane* requires
consideration of constitutional rights beyond those pro-
vided by the Eighth Amendment); App. to Pet. for Cert. in
No. 04–1236, p. 19a (relying on *Miller* to find Goodman's
Title II claims for money damages barred by the Eleventh
Amendment). By reversing the Eleventh Circuit's decision
in this case and remanding for further proceedings, we not
only provide the parties an opportunity to create a more
substantial factual record, but also provide the District
Court and the Court of Appeals the opportunity to apply
the *Boerne* framework properly. Given these benefits, I
agree with the Court's decision to await further proceed-
ings before trying to define the extent to which Title II
validly abrogates state sovereign immunity in the prison
context.