UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2031 (PLF) |
| | ) |
| FREDERICK MOTZ, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### FEDERAL DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), and (6), the Federal defendants[1] respectfully moves to dismiss plaintiff's complaint in this action. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

---

[1] The named Federal Defendants include United States District Court Judges Frederick Motz and William D. Quarles of the District of Maryland, as well as Felicia C. Cannon, U.S. District Court Clerk for the District of Maryland; Department of Justice Attorney Albert N. Moskowitz and Department of Justice Paralegal Chris Letkewicz, both of the Department of Justice Civil Rights Division; and United States Circuit Judge James H. Wilkinson, III, Circuit Executive Samuel W. Phillips, and Court Clerk Patricia S. Connor of the United States Court of Appeals for the Fourth Circuit. This motion is filed on behalf of the afore-mentioned defendants in their official capacities only. As none of the defendants have been personally served with the summons and complaint pursuant to the applicable Rules, these defendants are not properly before the Court in their individual capacities.

February 1, 2006                              Respectfully Submitted,


                                              /s/
                                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                              United States Attorney


                                              /s/
                                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                                              Assistant United States Attorney


                                              /s/
                                              JOHN HENAULT, D.C. BAR # 472590
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 307-1249

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2031 (PLF) |
| | ) |
| FREDERICK MOTZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Plaintiff has named numerous federal employees as defendants in this action, including two United States District Court Judges, one United States Circuit Court Judge, the Circuit Executive for the Fourth Circuit, the Clerk of the United States District Court for the District of Maryland, the Clerk for the United States Court of Appeals for the Fourth Circuit, an attorney with the Department of Justice Civil Rights Division and a paralegal with the Department of Justice Civil Rights Division. See, e.g., Compl. ¶¶ 6-23.

The *pro se* complaint was filed by plaintiff pursuant to the "Writs Act of 28 U.S.C. § 1615" (not a valid federal statute citation) to contest acts taken and orders entered by the named federal judicial defendants in prior proceedings involving the plaintiff. Plaintiff's complaint consists of fifty-two paragraphs of unintelligible and incomprehensible ramblings.[2] It appears from the complaint that plaintiff's interactions with the legal system began in 1977 in North Carolina and continued to various Maryland courts in the 1980s. Additionally, plaintiff alleges

---

[2] Defendants will not recount in great detail the various actions that preceded the instant litigation. Instead, the Court is referred to plaintiff's fifty-two paragraph complaint.

that the United States Court of Appeals for the Fourth District inflicted wrongs upon him. The plaintiff alleges that the federal judicial defendants conspired to deprive plaintiff of his constitutional rights under the Fourteenth and Fifteenth Amendments by issuing improper and fraudulent rulings in the plaintiff's underlying cases.

Specifically, plaintiff appears to allege the following specific acts against United States District Court Judge Frederick Motz: (1) that Judge Motz, in his capacity as a federal judge, conspired in 1985 and 1986 to "disenfranchise decreed settlement negotiations" and deprive blacks of their civil rights; (2) that Judge Motz assigned plaintiff's civil rights claim to his own docket; and (3) that plaintiff sued Judge Motz in 2001 and Judge Motz conspired in the rulings on that case. See Compl. ¶ 6-12.

Regarding United States District Court Judge William D. Quarles, plaintiff alleges that Judge Quarles issued two Orders that slandered plaintiff and protected defendant Motz. See Compl. ¶ 13-14.

Regarding U.S. District Court Clerk Felicia Cannon, plaintiff appears to allege: (1) that Clerk Cannon assigned plaintiff's case to Judge Motz and that (2) Ms. Cannon did not follow proper default judgment procedures. See Compl. ¶ 15-16.

Regarding United States Circuit Judge J. Harvey Wilkinson, III, plaintiff appears to allege that: (1) that Judge Wilkinson has a disregard of the civil rights of blacks; and (2) that Judge Wilkinson previously dismissed plaintiff's complaint against Judge Motz. See Compl. ¶ 17-19.

Regarding defendants Moskowitz and Letkewicz of the Criminal Section of the Department of Justice Civil Rights Division, plaintiff appears to allege: (1) that Moskowitz and Letkewicz breached their "fiduciary commencement to plaintiff civil rights"; (2) that they agreed

to "prosecute interference" with plaintiff's liberties; and (3) that defendants returned plaintiff's paperwork to him on May 3, 2005.  See Compl. ¶ 20-23.

Regarding Circuit Executive Samuel W. Phillips and Circuit Clerk Patricia S. Connor of the United States Court of Appeals for the Fourth Circuit, plaintiff appears to allege the following non-specific acts:  (1) "conspiracy, fraud, obstruction of justice, plaintiff civil rights."  See Compl. ¶ 52.

According to the plaintiff, the actions of the named Federal defendants have violated plaintiff's Constitutional rights, including his right to due process of law and access to the courts.  He further alleges that these "violations" give rise to causes of action under 42 U.S. C. §§ 1983 et seq. and, implicitly, under Bivens.[3]  As relief, plaintiff requests injunctive and declaratory relief,  and compensatory and punitive damages.  Plaintiff requests $75 million dollars from all federal employees for alleged racism, fraud, obstruction of justice, mail fraud, conspiracy, and "William Moore in several Civil Rights."

Plaintiff's complaint should be dismissed in its entirety.  The reasons for this dismissal include the following:

1. Plaintiff fails to state a claim within the jurisdiction of this Court;

2. All Federal defendants to this action enjoy absolute and/or qualified immunity;

3. Plaintiff has failed to effect proper service on the defendants and this Court otherwise lacks personal jurisdiction over the defendants;

4. There is no subject matter jurisdiction;

5. Venue does not lie in this jurisdiction; and

6. This action is barred by collateral estoppel and res judicata.

---

[3] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**ARGUMENT**

**I.     THE COMPLAINT FAILS TO STATE A CLAIM**

"A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Where a complaint fails to comply with these rules, the complaint is subject to dismissal. See Nicol v. National Sav. & Trust Co., 250 F.2d 36 (D.C. Cir. 1957) (per curiam). See also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671 (9th Cir. 1981) (No abuse of discretion to dismiss with prejudice plaintiff's amended complaint); Mangan v. Weinberger, 848 F.2d 909 (8th Cir. 1988) (No abuse of discretion to dismiss verbose complaints with prejudice where sufficient warning given). Similarly, the D.C. Circuit has concluded that dismissal is appropriate, even sua sponte, where a plaintiff's claims are "patently insubstantial," where the plaintiff espouses a bizarre conspiracy theory, or where the plaintiff cannot possibly win relief. See Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994); Chambers v. Gesell, 120 F.R.D. 1, 2-3 (D.D.C. 1988) (dismissing with prejudice claims against defendant judge based on judicial immunity, because plaintiff failed to state a claim in light of that immunity).[4]

Plaintiff fails to satisfy even the rudimentary requirements of Federal Rule of Civil Procedure 8 and, thus, his complaint fails to state a claim against the Federal defendants. The

---

[4] Moreover, plaintiff does not state his conspiracy claim with sufficient specificity, and as a result, he has failed to state a claim under which relief can be granted. See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 53 (D.D.C. 1995) ("[u]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [plaintiffs] of their constitutional rights.").

meandering 52-paragraph complaint is incomprehensible and consists mostly of conclusory assertions of conspiracies, which are devoid of factual support.

## II.   PLAINTIFF'S CLAIMS AGAINST THE JUDICIAL BRANCH EMPLOYEES ARE BARRED BY ABSOLUTE IMMUNITY

Any claim that plaintiff may be seeking to assert against members of the judicial branch and judicial branch employees are barred by absolute judicial immunity. A Judge performing a "judicial act" is protected by absolute immunity from suit unless there is a "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-59 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-74 (10th Cir.), cert. denied, 498 U.S. 999 (1990); Chambers, 120 F.R.D. at 3 n.6; Miller v. Johnson, 541 F. Supp. 1165, 1175-77 (D.D.C. 1982); Moore v. Burger, 655 F.2d 1265, 1266 (D.C. Cir. 1981). The named judicial officials include United States District Court Judges Frederick Motz and William D. Quarles, of the District of Maryland, United States Circuit Judge James H. Wilkinson, III, and Circuit Executive Samuel W. Phillips.

Protected judicial acts are identified by considering "the nature of the act itself, i.e., whether it is normally performed by a judge, and . . . the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Plaintiff's allegations involving the judges identified as defendants in the complaint make clear that the judges are sued by virtue of action taken by them in their judicial capacity.

Similarly, the defendants who have been named because of their responsibilities in the Clerk's offices of the various courts portrayed in the complaint are also entitled to absolute immunity. See Sharma v. Stevas, 790 F.2d 1486 (D.C. Cir. 1986) (Clerk of the Supreme Court has absolute quasi-judicial immunity because of his challenged activities were an integral part of the judicial process). These defendants include Court Clerk Patricia S. Connor of the United

5

States Court of Appeals for the Fourth Circuit, and Felicia C. Cannon, U.S. District Court Clerk, both of whom the complaint makes clear are included in this action as a result of actions they took in their capacity as employees of the judicial branch.

### III.   PLAINTIFF'S CLAIMS AGAINST THE DEPARTMENT OF JUSTICE EMPLOYEES ARE BARRED BY ABSOLUTE IMMUNITY

Similarly, the Department of Justice attorney Albert N. Moskowitz and his paralegal Chris Letkewicz against whom plaintiff seeks to affix liability, are entitled to absolute immunity for claims arising from their official duties. For most officials, immunity is qualified rather than absolute when the claim is based on the Constitution. Butz v. Economou, 438 U.S. 478 (1978). However, there are some officials whose special functions require absolute immunity regardless of the nature of the alleged violation.

The Supreme Court has long recognized an absolute immunity for prosecutors from personal liability for actions related to the performance of their public duties. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Yaselli v. Goff, 275 U.S. 503 (1927). In Yaselli v. Goff, the Court held that a prosecutor could not be sued for malicious prosecution. Later, in Imbler v. Pachtman, 424 U.S. 409, 420 (1976), the Supreme Court held that this absolute immunity barred constitutional tort claims. The Court reasoned:

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

Id. at 422-23. The Court also stressed that there were substantial checks against abuse. Aside from the prospect of criminal sanctions for willful deprivations of constitutional rights, "a prosecutor stands perhaps unique, among officials whose acts could deprive persons of

constitutional rights, in his amenability to professional discipline by an association of his peers." Id. at 429.

The prosecutor's immunity extends to any activities that are "intimately associated with the judicial phase of the criminal process." Id. at 430. This includes "initiating a prosecution" and "presenting the . . . case." Id. at 431. Indeed, the Supreme Court has reiterated this concept in Burns v. Reed, 500 U.S. 478 (1991), wherein it held that a prosecutor is entitled to absolute immunity for participating in probable cause hearing which led to the issuance of a search warrant. The Court's opinion in Imbler leaves no doubt about its intent to cloak all advocatory functions with immunity:

> [S]uits that survived the pleadings would pose substantial danger of liability even to the honest prosecutor. The prosecutor's possible knowledge of a witness' falsehoods, the materiality of evidence not revealed to the defense, the propriety of a closing argument, and--ultimately in every case--the likelihood that prosecutorial misconduct so infected a trial as to deny due process, are typical of issues with which judges struggle in actions for post-trial relief, sometimes to differing conclusions.

Id. at 425; accord Burns v. Reed, 500 U.S. at 492.

Courts have applied immunity to cloak every aspect of the criminal prosecution, from grand jury proceedings to plea bargains and appeals. Absolute immunity has been held to apply to presenting evidence before a grand jury, Morrison v. Baton Rouge, 761 F.2d 242, 247-48 (5th Cir. 1985); see Burns, 500 U.S. at 490 and n.6; to reckless prosecution based on inadequate investigation, Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); threatening criminal prosecution, Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987); obtaining criminal complaints and warrants based on false or coerced statements, Joseph v. Patterson, 795 F.2d 549, 555 (6th Cir. 1986); Burns, supra; advocating a position on bail, Lerwill v. Joslin, 712 F.2d 435, 438-39 (10th Cir. 1983); striking a deal with defense counsel to obtain evidence, Krohn v.

7

United States, 742 F.2d 24, 30 (1st Cir. 1984); destruction and falsification of evidence, Heidelberg v. Hammer, 577 F.2d 429, 432 (7th Cir. 1978); securing the attendance of witnesses and the accused at trial, Hamilton v. Daley, 777 F.2d 1207, 1213 (7th Cir. 1985); solicitation and subordination of perjured testimony, Taylor v. Kavanagh, 640 F.2d 450, 452 (2nd Cir. 1981); introduction of illegally seized evidence, Taylor, 640 F.2d at 452; agreeing to dismiss charges in return for dropping civil action, McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); and misconduct in the plea arrangement process, Myers v. Morris, 810 F.2d at 1446.

Indeed, the Court of Appeals in this Circuit has concluded that absolute immunity bars, inter alia, claims that prosecutors failed to present exculpatory evidence to grand jury and did present false testimony. See Gray v. Bell, 712 F.2d 490, 494, 502 (D.C. Cir. 1983). That Court has also held that prosecutorial immunity protects the prosecutor from liability for allegedly concealing exculpatory evidence from the grand jury and for allegedly manipulating evidence before the grand jury, as well as for allegedly withholding after indictment material evidence that is exculpatory. Moore v. Valder, 65 F.3d 189, 192-94 (D.C. Cir. 1995); Sims, 29 F. Supp. 2d at 959 (absolute immunity bars claims that prosecutors used perjured testimony in the criminal prosecution).[5]

Prosecutorial immunity applies to actions taken by government attorneys in civil actions as well. See Schrob v. Catterson, 948 F.2d 1402, 1411-12 (3d Cir. 1991) (absolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor, regardless of whether those duties are performed in the course of a civil or criminal action); Duerscherl v. Foley, 681 F. Supp. 1364, 1368 (D.C. Minn.), aff'd mem., 845 F.2d 1027 (8th Cir.

---

[5] Plaintiff does not allege acts that would fall outside of those protected by such absolute immunity. Cf. Moore, 65 F.3d at 195.

8

1988) (County attorney entitled to absolute immunity in proceeding with a paternity action); Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986) (State's Attorney entitled to absolute immunity for actions taken in executing foreclosure judgments); Coleman v. Federal Intermediate Credit Bank, 600 F. Supp. 97, 101 (D.C. Or. 1984) (absolute prosecutorial immunity available to government attorneys who made decision to have credit association declared insolvent).

     As the scope and breadth of these decisions indicate, courts are in general agreement that absolute immunity must be applied liberally when claims are asserted against government attorneys for actions they have taken in carrying out their public responsibilities in the course of the judicial process.   None of the alleged actions of Department of Justice attorney Albert Moskowitz are outside of the fundamental responsibilities as an advocate for the government, and as such are cloaked with the broad absolute immunity delineated in the above cases. Additionally, none of the alleged actions of Mr. Moskowitz's paralegal, Chris Letkewicz, were taken outside of his fundamental responsibilities as a support person for Mr. Moskowitz. Accordingly, those actions are cloaked with the broad absolute immunity delineated in the above cases.

     If the Court should conclude for any reason that Mr. Moskowitz and Mr. Letkowitz are not entitled to absolute immunity, then they are nevertheless entitled to qualified immunity. Burns, 111 S. Ct. at 1939.  In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the Supreme Court held that federal officers are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 818; accord Conn v. Gabbert, 119 S. Ct. 1292, 1295 (1999); Crawford-El v. Brittin, 523 U.S. 574 (1998); McSurley v. McClellan, 697 F.2d 309, 316 (D.C.

9

Cir. 1982); Krohn v. United States, 742 F.2d 24 (1st Cir. 1984); Davis v. Scherer, 486 U.S. 183, 191 (1984).  The relevant inquiry is whether the defendant's alleged actions violated any clearly established law or were objectively reasonable.  Anderson v. Creighton, 483 U.S. 635, 637 (1987); Martin v. Malhoyt, 830 F.2d 237, 253 (D.C. Cir. 1987); see also Butz v. Economou, 438 U.S. 478 (1978); Scheuer v. Rhodes, 416 U.S. 232, 244-45 (1974).  As the Supreme Court explained, qualified immunity protects from suit "all but the plainly incompetent or those who knowingly violate the law."  Briggs v. Malley, 475 U.S. 335, 341 (1986).

Plaintiff's complaint fails to state a claim for a violation of a clearly established right by Mr. Moskowitz and Mr. Letkowitz – he simply alleges that (1) Moskowitz and Letkewicz breached their "fiduciary commencement to plaintiff civil rights," (2) agreed to "prosecute interference" with plaintiff's liberties, and (3) returned plaintiff's paperwork to him on May 3, 2005.  See Compl. ¶ 20-23.  Thus, Mr. Moskowitz and Mr. Letkowitz should be dismissed on the basis of qualified immunity, if the Court finds that they are not shielded by absolute immunity.

## IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

To the extent that plaintiff's claims are against the defendants in their individual capacities, and the Court determines that the claims are not precluded by immunity, this Court lacks personal jurisdiction over the individual defendants, as plaintiff has failed to effect proper service,[6] and the Court cannot exercise personal jurisdiction over the out-of-state defendants.  It

---

[6] A pro se litigant such as plaintiff must be afforded more latitude to correct defects in service of process in his pleadings than litigants who are represented by counsel.  Moore v. Agency for int'l Dev., 944 F.2d 874, 876 (D.C. Cir. 1993).  In light of the several other reasons calling for dismissal of this case, especially defendants' immunity from suit, no purpose would be served by granting such indulgences in this case.  If, however, the Court decides not to dismiss this case on the several grounds set forth herein, defendants request an opportunity to determine whether they will waive any defenses based on Federal Rules of Civil Procedure

is well-established that, in an action against a federal employee in an individual capacity, the individually sued defendant must be served with process in accordance with rules applicable to individual defendants.  See Simpkins v. District of Columbia Govt., 108 F.3d 366 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. Int'l Dev.-Corp. Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

  Rule 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27; see Simpkins, 108 F.3d 366 (defendants in Bivens action must be served as individuals, pursuant to Rule 4(e)).

  Where, as here, a plaintiff seeks relief against federal employees in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction.  Reuber, supra 750 F.2d at 1050.

  The Court's records do not indicate that proper service has been effected on ***any*** of the defendants in their individual capacity in this action – to the extent they have been served, service occurred by delivering a copy of the process to their place of employment, not their "dwelling house or usual place of abode."

---

12(b)(4) or (5).  Defendants are not presently prepared to waive those defenses.

In any event, for defendants who do not reside within or maintain a principal place of business in the District of Columbia, i.e., all of the Judicial Branch employees, the District's long-arm statute is the *only* basis for obtaining personal jurisdiction. Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984). The relevant portion of that statute provides that personal jurisdiction may be exercised with respect to claims arising from a person's business transactions, contracts for services or tortious injuries, in the District of Columbia. D.C. Code § 13-423(a)(1)(4). Because none of the Judicial Branch defendants are alleged to conduct any business in the District of Columbia and because no injury is alleged to have been suffered in the District of Columbia, plaintiff cannot meet the requirements of any of these provisions. Under the District of Columbia's long-arm statute (D.C. Code Ann. § 13-423(a)), the plaintiff has the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over a defendant, and the plaintiff has utterly failed to do so in this case. See, First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988).

Plaintiff does not make any mention of any contact by any of the out-of-state defendants arguably has with this district. And the Court of Appeals has cautioned that "Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d 253, 256-57 (D.C. Cir. 1993). Personal jurisdiction cannot be obtained, and for this reason service of process cannot properly be effectuated upon the individual defendants. The complaint should, therefore, be dismissed pursuant to Fed. R. Civ. P. 4(m) and 12(b)(2), (4) and (5).

## V. THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1615, which is not a valid statutory citation. It is assumed that plaintiff meant to cite 28 U.S.C. § 1651. The plaintiff also appears to bring this action in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1983-1985 and Bivens against the federal defendants in their official and personal capacities.

The proper assertion of jurisdiction in a Bivens action is 28 U.S.C. §1331, which deals with federal question. Section 1331 is the proper assertion of jurisdiction in a Bivens case as it confers original jurisdiction of civil actions arising under the Constitution to the district court.

Section 42 U.S.C. § 1983 relates to actions against individuals who violate constitutional rights of another "under color of state law." Soeken v. Herman, 35 F. Supp. 2d 99, 102, n. 3 (D.D.C. 1999) (citing District of Columbia v. Carter, 409 U.S. 418 (1983)). See also Garcia v. Thornburgh, No. Civ. A. 90-2353, 1991 WL 257982, 3 (D.D.C. Nov. 22, 1991) ("Section 1983 provides remedy for rights deprivations occurring under state law . . . "). In this case, the federal defendants are *federal* employees acting under the color of *federal* law. Thus, they do not act under color of state law and plaintiff's assertion of jurisdiction under § 1983 against the federal defendants is erroneous.

## VI. VENUE IS IMPROPER

When federal officials are sued in their individual capacities, the venue provisions which operate in the typical case against the government itself do not control. In Stafford v. Briggs, 444 U.S. 527 (1980), the Supreme Court held that a suit properly brought against federal officials in their official capacities, for which venue would lie under 28 U.S.C. § 1391(e), would

13

not provide a basis for venue against such officials in their individual capacities. Rather, one must look to 28 U.S.C. § 1391(b) which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

A review of the complaint reveals that the Court lacks proper venue over plaintiff's claims. The federal defendants do not reside in the same state, and venue cannot therefore lie in this district under 28 U.S.C. § 1391(b)(1). Further, because none of the alleged events or omissions giving rise to the plaintiffs' claims took place in the District of Columbia, but rather in the state of North Carolina and Maryland, venue cannot lie in this district under 28 U.S.C. § 1391(b)(2). Id. Thus, this Court lacks venue for the plaintiffs' individual capacity claims.

### VII.    PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL AND RES JUDICATA

Similarly, plaintiff's claims are also barred by collateral estoppel and res judicata. Plaintiff is seeking to relitigate the propriety of jurisdictional issues that have already been decided against him. See Complaint ¶¶ 6-52; United States v. Gray, No. 94-8732 (11th Cir. April 4, 1996). Based on the doctrines of collateral estoppel and res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action. Allen v. McCurry, 449 U.S. 90, 94 (1980); United

States v. Mendoza, 104 S. Ct. 568, 571 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944, 947 (D.C. Cir. 1983); Jack Faucett Associates, Inc. v. American Telephone and Telegraph Company, 566 F. Supp. 296, 299 (D.D.C. 1983); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 104 S. Ct. at 571; Cutler v. Hayes, 549 F. Supp. at 1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). Plaintiff's allegations relate to judicial decisions that have apparently been decided against him. He may not use this forum to re-litigate those issues.

## CONCLUSION

For the foregoing reasons the complaint should be dismissed against all federal defendants.

February 1, 2006                    Respectfully Submitted,


        /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


        /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


        /s/
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

16

**CERTIFICATE OF SERVICE**

      On February 1, 2006, I caused a true and correct copy of the foregoing to be sent by first class mail, postage prepaid to:

William Moore, *Pro Se*
2428 Greenmount Avenue
Baltimore, MD 21218


                                                   /s/
                                    JOHN HENAULT, D.C. BAR # 472590
                                    Assistant United States Attorney