IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MOORE | * | |
| Plaintiff, | * | |
| v. | * | CASE No.: 1:05CV02031 |
| FREDERICK MOTZ, ET. AL., | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS

Defendants, the State of Maryland, J. Joseph Curran, Jr., Attorney General of Maryland, Judge Norman Johnson, District Court of Maryland for Baltimore City, and Judge Carole Smith, Circuit Court For Baltimore City, through counsel, Gloria Wilson Shelton, Assistant Attorney General, move to dismiss this lawsuit with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter and failure to state a claim upon which relief may be granted. A memorandum in support is attached and incorporated by reference.

Respectfully submitted,

/s/ Gloria Wilson Shelton

Gloria Wilson Shelton
Assistant Attorney General
Office of the Attorney General
Courts Division
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7935

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2006, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to:

William Moore
2428 Greenmount Avenue
Baltimore, Maryland 21218

Honorable Frederick Motz
Honorable William D. Quarles
Felicia C. Cannon
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Honorable Martin O'Malley
Honorable Sheila Dixon
c/o Office of the City Solicitor
100 North Holliday Street
Baltimore, Maryland 21202

David Roy Blackwell
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

*[signature]*
GLORIA WILSON SHELTON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM MOORE              *

    Plaintiff,
                                  *

v.
                                  *CASE No.: 1:05CV02031

FREDERICK MOTZ, ET. AL.,   *

                                  *

    Defendants.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

    Defendants, the State of Maryland, J. Joseph Curran, Jr., Attorney General of Maryland, Judge Norman Johnson, District Court of Maryland for Baltimore City, and Judge Carole Smith, Circuit Court for Baltimore City, through counsel, Gloria Wilson Shelton, Assistant Attorney General, hereby files this Memorandum in support of their Motion to Dismiss.

**BACKGROUND**

    Plaintiff filed this Complaint against various Maryland federal and state officials seeking declaratory relief for deprivation of his civil rights "of the fourth Teenth Amendment due process, and Fifteenth Amendment of the Equal Protection Clause of the United States Constitution." (Comp. ¶5) Plaintiff prays for "all remedy due him by the Maryland State Attorney General Office since 1986 decreed of $34 billion dollars, reduced to $15 million dollars." On or about November 21, 2005, Plaintiff filed an Amended Complaint asserting claims against the State of Maryland, Judge Johnson, and Judge Smith. He asserts that Judge Johnson acted with malice against him in 1991, (Amended Comp. ¶2), and that Judge Smith

3

obstructed justice and was in contempt of the Federal Bankruptcy Code in which the Plaintiff was entitled to $1,600.00. (Amended Comp. ¶3) The complaint must be dismissed for a variety of reasons, both procedural and substantive.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12 (b)(1).

The Complaint should be dismissed under Fed. R. Civ. Proc. 12(b)(1) because this Court lacks subject matter jurisdiction over the Complaint. Whether subject matter jurisdiction exists in a federal court is a question of law. *Keene Corp. v. Cass*, 908 F. 2d 293, 296 (8th Cir. 1990). If a federal court lacks subject matter jurisdiction over a case, that court must dismiss an action. Fed. R. Civ. P. 12(b)(1), 12 (h)(3).

#### A. The State of Maryland is Immune Under the Eleventh Amendment to the United States Constitution

The Eleventh amendment bars any recovery by Plaintiff in this case; therefore, the Complaint should be dismissed against the State of Maryland for lack of subject matter jurisdiction. The Eleventh Amendment states:

> The Judicial power of the United Sates shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or citizens or subject of any foreign state.

Absent its consent, the State of Maryland is clearly barred as a defendant in a suit in federal court. If a state does not consent to suit in federal court, the suit must be dismissed because federal courts lack subject matter jurisdiction over it as a Defendant, regardless of the type of relief sought. *Seminole Tribe v. Florida*, 517 U.S. 44 (1996).

In this case, the State of Maryland has not waived its immunity to suit in this federal court. More

4

importantly, the State of Maryland has not given its consent to be sued in federal court in this case. The United States Supreme Court has clearly and repeatedly affirmed that such a suit is barred under the Eleventh Amendment. Therefore, the State of Maryland must be dismissed.

In addition, Congress has not abrogated the State of Maryland's Eleventh Amendment immunity with federal law that could conceivably uphold the allegations brought against the State and its officials in this Complaint. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). In effect, the Eleventh Amendment immunizes from suit a "state agency or a state official . . . if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" *Hadley v. North Arkansas Community Technical College*, 76 F. 3d 1437, 1438 (8th Cir. 1996), quoting *Pennhurst State Sch. & Hosp. v Haldeman*, 465 U.S. 89, 123 n.34 (1984). Thus, the Eleventh Amendment bars actions in federal court which seek monetary damages from State agencies, because such lawsuits are essentially "for the recovery of money from the state." *Ford Motor Co. v. Department of the Treasury*, 232 U.S. 459, 464 (1945); see also, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)("[N]either a State nor its officials acting in their official capacities are 'persons under §1983'" when sued for damages.). Throughout the Complaint, Plaintiff fails to point to any federal law that abrogates the State of Maryland or its officials' immunity. Therefore, the State of Maryland and Attorney General Curran are immune from this lawsuit under the Eleventh Amendment, and the case should be dismissed based on a lack of subject matter jurisdiction.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER ATTORNEY GENERAL CURRAN, JUDGE JOHNSON AND JUDGE SMITH AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2).

Plaintiff has not shown that this Court has personal jurisdiction over Defendants Curran, Johnson

5

and Smith. The District of Columbia's long-arm statutes provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's (1) transaction of business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by any act or omission in or outside the District of Columbia. Plaintiff has not alleged that any of the alleged wrongs were committed in the District of Columbia, that the defendants transacted any business in the District of Columbia, or caused tortious injury in the District of Columbia by any act or omission in or outside the District of Columbia. See *Reuber v. United States*, 750 F. 2d 1039, 1049 (D.C. Cir. 1984). The only allegation against Attorney General Curran is that "he prays for all remedy due him by the Maryland State Attorney General Office since 1986decreed of 34 billion dollars, reduced to $15 million dollars." The remaining allegations against Judges Johnson and Smith apparently relate to civil actions litigated in the Maryland State courts. There are no allegations to suggest that these Defendants caused Plaintiff tortious injury inside or outside the District of Columbia by an act committed in the District of Columbia, or that they regularly solicited business or engaged in a persistent course of conduct within the District of Columbia. The Complaint fails to establish any basis for this Court to exercise personal jurisdiction over Defendants Curran, Johnson and Smith and must be dismissed against Defendants Curran, Johnson and Smith.

### III.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if generously construed in his favor, the Complaint does not contain any cognizable claim against the State of Maryland, Attorney General J. Joseph Curran, Jr., Judge Norman Johnson, and Judge

Carole Smith.[1] A motion for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6) is a matter of law, and the court must dismiss an action if it fails to state a claim. With a 12(b)(6) motion, the court construes the complaint as true and draws reasonable inferences in favor of the nonmoving party. Dismissal is only warranted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Crumply-Patterson v. Trinity Luthern Hosp.*, 338 F. 3d 588, 590 (8th Cir. 2004).

Fed. R. Civ. Proc. 8 also sets forth what is required in order to sate a claim for relief in federal court:

> (1) a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled top relief, and (3) a demand for judgment for the relief the pleader seeks....

Generally, a pro se litigant's complaint is afforded a liberal interpretation and construction. *Harris v. Kerner*, 404 U. S. 519 (1972). However, such pleadings may not be merely conclusory, and the Complaint must allege facts that state a claim as a matter of law. *Hobson v. Wilson*, 737 F. 2d 1, 31 (D.C. Cir. 1984), *cert denied*, 470 U.S. 1084 (1985).

Plaintiff asserts claims pursuant to the Fourteenth Amendment Due Process Clause and the Fifteenth Amendment Equal Protection Clause. Throughout his Complaint, Plaintiff does not assert any specific rights

---

[1] Plaintiff's Complaint against the State of Maryland, Attorney General Curran and the Maryland Attorney General's Office must also be dismissed on grounds that it is barred by the applicable federal and state statute of limitations. The claims asserted by Plaintiff have a three-year statute of limitations to actions arising under §§1981, 1983, and 1985. The three-year statute of limitations has run against these claims and should be dismissed against the State of Maryland, Maryland Attorney General and the Maryland Attorney General's Office.

Amendment Equal Protection Clause. Throughout his Complaint, Plaintiff does not assert any specific rights of Plaintiff that have been violated by the State of Maryland. The only references to Defendants in the Complaint are numerous conclusions of law without any factual support. Plaintiff simply does not allege any factual basis as to why he is entitled to relief against the State of Maryland and Defendants Curran, Johnson and Smith in this matter. Generalized conclusory allegations do not meet the requirement imposed by Fed. R. Civ. Proc. 8 of a "short and plain statement of the claim showing that the Plaintiff is entitled to relief."

Accordingly, the State of Maryland, Defendants Curran, Johnson and Smith respectfully requests that this court dismiss the action against them, pursuant to Fed. R. Civ. Proc. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the State of Maryland, Defendants Curran, Johnson and Smith respectfully requests that this Court dismiss the Complaint in its entirety against them.

Respectfully submitted,

Gloria Wilson Shelton
Assistant Attorney General
Office of the Attorney General
Courts Division
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7935