UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2031 (PLF) |
| | ) |
| FREDERICK MOTZ, et al., | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
REQUEST FOR TEMPORARY RESTRAINING ORDER

I.    Background

On or about October 14, 2005, plaintiff commenced this action in the United States

District Court for the District of Columbia.  This complaint is styled as a Bivens action.[1]

Defendants file this Opposition to Plaintiff's Request for Temporary Restraining Order in their

official capacity only.[2]

On February 1, 2006, defendants filed a motion to dismiss plaintiff's complaint.

---

[1] Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The named Federal Defendants include United States District Court Judges Frederick
Motz and William D. Quarles of the District of Maryland, as well as Felicia C. Cannon, U.S.
District Court Clerk for the District of Maryland; Department of Justice Attorney Albert N.
Moskowitz and Department of Justice Paralegal Chris Letkewicz, both of the Department of
Justice Civil Rights Division; and United States Circuit Judge James H. Wilkinson, III, Circuit
Executive Samuel W. Phillips, and Court Clerk Patricia S. Connor of the United States Court of
Appeals for the Fourth Circuit.  This motion is filed on behalf of the afore-mentioned defendants
in their official capacities only.  As none of the defendants have been personally served with the
summons and complaint pursuant to the applicable Rules, these defendants are not properly
before the Court in their individual capacities.

The reasons for this dismissal included the following:

1.    Plaintiff fails to state a claim within the jurisdiction of this Court;

2.    All Federal defendants to this action enjoy absolute and/or qualified immunity;

3.    Plaintiff has failed to effect proper service on the defendants and this Court otherwise lacks personal jurisdiction over the defendants;

4.    There is no subject matter jurisdiction;

5.    Venue does not lie in this jurisdiction; and

6.    This action is barred by collateral estoppel and res judicata. Plaintiff filed a motion for a temporary restraining order requesting that defendants: (1) be prohibited from taking actions against the plaintiff that could be construed as retaliatory in nature; (2) be directed to abide by federal regulation and law; and (3) be put on notice that any type of unlawful targeting of the plaintiff due to pursuit of his legal and civil rights will not be tolerated.  Plaintiff's Motion for TRO, ¶¶ 2 & 6.

Defendants herein argue that the Court should deny plaintiff's motion for temporary restraining order on the grounds that plaintiff has failed to satisfy the necessary elements for emergency relief.  Additionally, defendants move the Court for an order dismissing plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(6) on the grounds that this court has no subject matter jurisdiction, no personal jurisdiction over the named defendants, venue is improper, defendants are entitled to sovereign immunity, insufficient service of process, and failure to state a claim upon which relief can be granted.

## II.    Argument Against Temporary Restraining Order

Injunctive relief is generally a drastic remedy that should be granted sparingly.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

As the District of Columbia Circuit has explained, in considering a plaintiff's request for a preliminary injunction a court must weigh four factors: (1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury were an injunction not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest. Al-Fayed v. Central Intelligence Agency, 254 F.3d 300, 303 (D.C. Cir. 2001); Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998); CityFed Financial Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995).

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991) (citation omitted).

> In addition, the following types of preliminary injunctions are disfavored and they require that the movant satisfy an even heavier burden of showing that the four factors listed above weigh heavily and compellingly in movant's favor before such an injunction may be issued: (1) a preliminary injunction that disturbs the status quo; (2) a preliminary injunction that is mandatory as opposed to prohibitory; and (3) a preliminary injunction that affords the movant substantially all the relief he may recover at the conclusion of a full trial on the merits.

SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d at 1098-99. The injunction plaintiff requests falls into two of these categories. It would disturb the status quo and it is mandatory. Thus, plaintiff bears an unusually heavy burden. See id.

Bypassing the factual development, legal argument, and due consideration available in the normal course of litigation, plaintiff seeks an order to stop the defendants from carrying out their judicial duties and from taking retaliatory actions against the plaintiff for filing his complaint.

3

Plaintiff has not met the exacting requirements for a preliminary injunction. First, he has no likelihood of success on the merits - indeed, the merits indicate outright dismissal under Rule 12(b)(6) is proper. Second, plaintiff will not suffer irreparable injury if an injunction is not granted. Third, the grant of a preliminary injunction could substantially injure other parties including other members of the judiciary and persons seeking relief in the court system. Fourth, the injunction plaintiff seeks would not further the public interest.

## A.     Plaintiff Is Not Likely To Succeed on the Merits.

To establish Article III standing, a plaintiff must, at a minimum, establish the following elements: First, the plaintiff must have suffered an "injury in fact" -an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision." Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-1 (1992)).

Plaintiff lacks standing because there is no injury in fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). "For a plaintiff to have standing, the injury alleged must be actual or imminent, not conjectural or speculative; such injury must, at the very least, be 'certainly impending'". . . When a plaintiff seeks to avoid injuries that are merely speculative or to require a court to infer what events might transpire to cause plaintiff harm in the future, the injury in fact requirement is not met." LPA, Inc. v. Chao, 21 F. Supp. 2d 160, 164 (D. D.C.

2002); <u>see</u> <u>also</u> <u>Alamo v. Clay</u>, 137 F.3d 1366, 1370 (D.C. Cir. 1998) (injury in the form of

stigma resulting from the denial of parole was at best a speculative injury); <u>J. Roderick v. Mac</u>

<u>Arthur Foundation v. F.B.I.</u>, 102 F.3d 600, 606 (D.C. Cir. 1996) (harm must be "certainly

impending"; alleging that movant might suffer an injury at some unknown time is too speculative

to warrant standing). The plaintiff in this case only makes a conclusory assertion that defendants

would "inflict undue direct or indirect ...judicial abuses" upon the plaintiff. Not only is

insufficient to sustain his motion for temporary restraining order, it implicates serious issues of

judicial immunity. At no time in his motion or complaint does plaintiff assert he allege that he

has, or inevitably will sustain, an injury as a result.

It is particularly important for the movant to show a substantial likelihood of success on

the merits and without such an indication "there would be no justification for the court's

intrusion into the ordinary processes of administration and judicial review." <u>See</u> <u>Crenshaw v.</u>

<u>Antokol</u>, 238 F. Supp.2d 107, 111-12 (D.D.C. 2002) (quoting <u>Am. Bankers Ass'n v. Nat'l Credit</u>

<u>Union Admin.</u>, 38 F. Supp.2d 114, 140 (D.D.C. 1999)). Because injunctive relief may issue only

upon a showing of all four injunction factors, a court's analysis is complete if it concludes that

the plaintiff does not enjoy a substantial likelihood of success on the merits. <u>See</u> <u>Crenshaw</u>, 238

F. Supp.2d at 113-14. In the present case, the plaintiff is unlikely to succeed on the merits of his

claims. Not only does the court lack personal jurisdiction over the defendants and subject matter

jurisdiction, venue in the United States District Court for the District of Columbia is improper,

the defendants are entitled to absolute immunity, and plaintiff has failed to state a constitutional

claim upon which relief can be granted. In addition, it is clear that plaintiff's complaint is so

devoid of merit as to be properly dismissed under Rule 12(b)(6).

**B.     Plaintiff Will Not Suffer Any "Irreparable Injury."**

Nor has plaintiff demonstrated the required irreparable harm.  See Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1210-11(D.C. Cir.1989) (upholding district court decision denying request for preliminary injunction where moving party may have been likely to succeed but did not carry burden of showing irreparable harm.).  See also Insurance Association of America v. Goddard Claussen Porter Novelli, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) (quoting Sociedad Anonima Vina Santa Rita v. Department of the Treasury, 193 F. Supp. 2d 6, 13-14 (D.D.C.2001)) ("a party seeking preliminary injunctive relief must demonstrate at least some irreparable injury because 'the basis for injunctive relief in the federal courts has always been irreparable harm.' ")

A harm is "irreparable" only if it is "both certain and great."  Health Insurance Association of America , 211 F. Supp. 2d 23, 28 (D.D.C. 2002).  See also NAACP v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995) (A showing of irreparable harm is "the most important prerequisite for the issuance of a preliminary injunction.  The moving party must show that the harm it will suffer is likely and imminent, not remote or speculative and that such injury is not capable of being fully remedied by money damages.").  In accordance with traditional equitable principles a showing of irreparable harm must be made.  Sea Containers at 1210.

In the instant case, there is no potential for irreparable harm, and plaintiff fails to explain how a temporary injunction will prevent immediate and irreparable harm.  He does not allege a specific incident where he will be harmed.  Furthermore, other than the hypothetical "retaliation" that he speaks of in his complaint, plaintiff presents no claims to show how he has been harmed.  As discussed above, the party seeking injunctive relief must not only show that the alleged harm

6

"will **in fact** occur" but must also show that the injury complained of is "of such **imminence** that there is a clear and present need for equitable relief to prevent irreparable harm." Wisconsin Gas Co., 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has not come close to carrying this burden. In short, because plaintiff has not demonstrated the type of irreparable and imminent harm necessary to warrant emergency relief, his request for a temporary restraining order should be denied. Plaintiff can not show that the harm alleged is not remote or speculative. Plaintiff's failure to demonstrate irreparable harm is sufficient reasons for the Court to refuse to grant injunctive relief. Id. at 28.

   C.    **The Harm To Others And To The Public Interest Outweighs**
         **Granting The Preliminary Injunction.**

The third and fourth factors which bear on a claim for preliminary injunctive relief, see Al-Fayed v. Central Intelligence Agency, 254 F.3d 300, 303 (D.C. Cir. 2001), weigh heavily against the plaintiff. These factors are whether the public interest favors the requested injunction and the substantiality of harm to other interested parties when balanced against the hardships faced by the plaintiff. The relief plaintiff seeks would substantially injure the defendants by prohibiting them from functioning in their official capacities. Such relief would also not further the public interest.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for temporary restraining order should be denied. In addition, plaintiff's complaint should be dismissed.

7

March 2, 2006                           Respectfully Submitted,


                                        _____/s/_____
                                        KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                        United States Attorney


                                        _____/s/_____
                                        R. CRAIG LAWRENCE, D.C. BAR # 171538
                                        Assistant United States Attorney


                                        _____/s/_____
                                        JOHN HENAULT, D.C. BAR # 472590
                                        Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 307-1249

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing DEFENDANTS' OPPOSITION TO

PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER has been mailed,

postage prepaid, this 2nd day of March 2006, to:


William Moore, *Pro Se*
2428 Greenmount Avenue
Baltimore, MD 21218


_____/s/_____
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney