IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM MOORE                           *

      Plaintiff,                      *

v.                                      *          CASE No.: 1:05CV02031

FREDERICK MOTZ, ET. AL.,                *

                                        *

      Defendants.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

    Defendants, the State of Maryland, J. Joseph Curran, Jr., Attorney General of Maryland, Judge Norman Johnson, District Court of Maryland for Baltimore City, and Judge Carole Smith, Circuit Court for Baltimore City, through their counsel, Gloria Wilson Shelton, Assistant Attorney General, moves this court to deny Plaintiff's motion for a temporary restraining order on the grounds that Plaintiff fails to satisfy any of the four factors the court must weigh in granting a preliminary injunction.

    1.    A federal court may issue injunctive relief only when the Plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) he would suffer irreparable injury were an injunction not granted; (3) that an injunction would substantially injure other interested parties; and (4) that an injunction would further the public interest. *Mova Pharm. Corp. v. Shalala*, 140 F. 3d 1060, 1066. (D.C. Cir. 1998)

    2.    Injunctive relief should be granted sparingly and without an indication of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999). In this case, Plaintiff's motion for a temporary restraining order is devoid of any merit

should be denied because Plaintiff's failure to demonstrate a likelihood of success on the merits is sufficient for this Court to deny him injunctive relief.

3.  Plaintiff also cannot demonstrate irreparable harm, harm to others and furtherance of the public's interest. The moving party must show that the harm it will suffer is likely and imminent, not remote or speculative and that such injury is not capable of being fully remedied by money damages. See *NAACP v. Town of East Haven*, 70 F. 3d 219, 224 (2d Cir. 1995) Without a clear showing of actual and imminent irreparable harm, the inquiry need not proceed any further. *Mave v. City of Kannapolis*, 872 F. Supp. 246 (1994). Plaintiff seeks to restrain the Attorney General and judges from a carrying out their official duties as public officials. Plaintiff cannot meet the burden necessary to warrant a temporary restraining order upon the defendants, who would be precluded as public officials from carrying out their duties. The grant of such relief would not further the public interest.

For the reasons stated above, Plaintiff's motion for a temporary restraining order should be denied.

Respectfully submitted,

Gloria Wilson Shelton
Assistant Attorney General
Office of the Attorney General
Courts Division
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7935

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2006, a copy of the foregoing Opposition to Plaintiff's Request for Temporary Restraining Order was mailed, postage prepaid, to:

William Moore
2428 Greenmount Avenue
Baltimore, Maryland 21218

Kenneth L. Wainstein
United States Attorney
555 4th Street, NW
Washington, D.C. 20530

Honorable Martin O'Malley
Honorable Sheila Dixon
c/o Office of the City Solicitor
100 North Holliday Street
Baltimore, Maryland 21202

David Roy Blackwell
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602

GLORIA WILSON SHELTON