

DCD_ECFNotice@dcd.uscourts.gov
03/30/2006 04:58 PM

To DCD_ECFNotice@dcd.uscourts.gov
cc
bcc
Subject Activity in Case 1:05-cv-02031-PLF MOORE v. MOTZ et al "Order on Motion for Miscellaneous Relief"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Columbia

Notice of Electronic Filing

The following transaction was received from MA, entered on 3/30/2006 at 4:58 PM EDT and filed on 3/30/2006

**Case Name:** MOORE v. MOTZ et al
**Case Number:** 1:05-cv-2031
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER denying [15] Motion on the Pleadings and Merits of 42 U.S.C. 1983 for failure to comply with Rule 7(b)(1) of the Federal Rules of Civil Procedure. Plaintiff?s filing is not properly styled as a motion, because it sets forth no ?order or relief sought.? Fed.R.Civ.P. 7(b)(1). The Court will treat the filing as an opposition to defendant Roy Cooper?s motion to dismiss under Rule 12(b)(1). Signed by Judge Paul L. Friedman on March 30, 2006. (MA)

The following document(s) are associated with this transaction:

**1:05-cv-2031 Notice will be electronically mailed to:**

David Roy Blackwell    dblack@ncdoj.com

John F. Henault , Jr    john.henault@usdoj.gov, charice.dickey@usdoj.gov

**1:05-cv-2031 Notice will be delivered by other means to:**

WILLIAM MOORE

William Moore
2428 Greenmount Avenue
Baltimore, Maryland 21218

March 2006

Clerk
United States District Court
For The District of Columbia
333 Constitution Avenue, NW
Washington, DC 2001

                Re:     William Moore V. Frederick Motz, et al.
                            Civil Action No.: 1:05-CV-0231 PF

Dear Clerk:

Please submit to the court pursuant to it's March 30, decree under FED.R. c:V. P. 7(b)(1). Submit by motion of relief sought, of (2) copies of same, on this 3rd of April 2006.

Respectfully Submitted,

*William Moore*
William Moore

United States District Court
For The District of Columbia

Civil Action No. 1:05-02031PL

## MOTION FOR RECONSIDERATION

William Moore, request this Honorable by it's order of March 30, 2006, to acknowledge in compliance of FED.R.CIV.P. 7(b)(1). The enclosed motion set forth of defendant Roy Cooper and The State of North Carolina.

Respectfully Submitted

*William Moore* (signature)
William Moore

## CERTIFICATE OF SERVICE

On this _____ of _____ I mailed postage prepaid the same to:

Roy Cooper
David Blackwell
P.O. Box 629
Raleigh, North Carolina 27602-0629

John Henault
United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Gloria Wilson Shelton
Assistant Attorney General
200 Saint Paul Place, 19th Fl
Baltimore, Maryland 21202

MARTIN O'MALLEY
SHEILA DIXON;
100 North Holliday St.
Baltimore, MD 21202;

United States District Court
For The District of Columbia

William Moore
    Plaintiff

vs.

Frederick Motz ET. Al
    Defendants

Civil No:1: 05 CV0231

## ORDER

It is this _____ of April 2006, on behalf of the defendants Roy Cooper and The State of North Carolina, immediately grant William Moore, the relief sought by order of Two Million Dollars ($2,000,000.00).

_____
ORDER

# Judiciary keeps focus on safety

## Security remains serious concern a year after Chicago killings, Atlanta rampage

[NEW YORK TIMES NEWS SERVICE]

WASHINGTON // A year after the killings of the husband and mother of a Chicago federal judge and a shooting rampage in an Atlanta courthouse that left three people dead, the safety of judges and court employees remains a serious concern for the judiciary.

Attorney General Alberto R. Gonzales said last week that three-quarters of the more than 2,000 federal judges had sought government-paid home security systems.

The Judicial Conference of the United States, which sets policy for the federal courts, met last week for the first time under Chief Justice John G. Roberts Jr. and approved security measures.

The conference authorized security equipment and workers for federal probation and pretrial services offices, urged added training for judges' security guards, and called for the Bureau of Prisons to screen all outgoing mail to judges and courts from federal prison inmates.

A spokesman for the Administrative Office of the U.S. Courts, David A. Sellers, said that after the killings of the family members of the Chicago judge, Joan H. Lefkow, the security focus shifted from courthouses to judges and other court employees outside court buildings.

In May, Congress appropriated $12 million for the Marshals Service to coordinate such security, including paying for home detection systems for federal judges. This month, the House passed an authorization for $20 million to hire additional marshals for court security and for investigating threats.

"Threats and attacks against judges strike at the core of our system of justice," Judge David B. Sentelle of the U.S. Court of Appeals for the District of Columbia Circuit said in a statement.

"Judges must be free to make judicial decisions without the fear of physical harm to themselves or to members of their families," said Sentelle, chairman of the Judicial Conference Committee on Court Security.

Lefkow testified before the Senate Judiciary Committee in May on increasing security for court employees.

Committee Chairman Sen. Arlen Specter and Sen. Patrick J. Leahy of Vermont, the panel's ranking Democrat, introduced a measure in November mandating better coordination among marshals to protect judges.

Specter, a Pennsylvania Republican, said the Marshals Service had been slow in adopting changes after the Lefkow shootings and had in some cases failed to cooperate fully with the federal judiciary on security.

The bill urges new criminal sanctions on people who seek to harass or intimidate judges by filing false or malicious liens against them or by knowingly posting personal information about them on the Internet with an intent to harm the judges.

The bill would also extend the Judicial Conference's authority to redact sensitive personal information from judges' financial disclosure forms to prevent that information from being used for harassment or intimidation.

"This is a very serious problem," Specter said in an interview Friday. "There is no doubt that judges are targets, particularly for people who have been in their courtrooms who are unhappy with how they had their cases handled."

The Marshals Service did not return telephone calls Friday.

The National Center for State Courts, which works with state and federal officials, had said some state and local courthouses had not followed standard safety measures. The group has urged courthouse personnel to do a better job of assessing threats, updating equipment and planning for emergencies.