UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM MOORE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2031 (PLF) |
| FREDERICK MOTZ, et al., | ) ) ) | |
| Defendants. | ) ) | |

OPINION

Plaintiff in this action seeks recovery of money damages from numerous public officials of the federal, Maryland state, North Carolina state and Baltimore city governments.[1] Although plaintiff's *pro se* complaints are vaguely worded and difficult (at best) to decipher, plaintiff appears to assert due process and equal protection claims arising from several perceived instances of "judicial racism" and from the United States Department of Justice's handling of certain civil rights claims filed by plaintiff. See Complaint ("Compl.") ¶¶ 5, 46; Amended Complaint ("Am. Compl.") ¶¶ 1-4.

---

[1] The named defendants are: (1) Judge Frederick Motz of the United States District Court for the District of Maryland; (2) Judge William D. Quarles of the same court; (3) Felicia Cannon, Court Clerk of the District of Maryland; (4) Judge J. Harvie Wilkinson of the United States Court of Appeals for the Fourth Circuit; (5) Samuel W. Phillips, Circuit Executive of the Fourth Circuit; (6) Patricia S. Connor, Court Clerk of the Fourth Circuit; (7) Albert N. Moskowitz, Section Chief of the Criminal Section of the Department of Justice's Civil Rights Division; (8) Chris Letkewicz, a paralegal in that section; (9) Judge Carole Smith of the Circuit Court for Baltimore City; (10) Judge Norman Johnson of the District Court of Maryland; (11) Maryland Attorney General J. Joseph Curran, Jr.; (12) the State of Maryland; (13) Martin O'Malley, Mayor of the City of Baltimore; (14) Sheila Dixon, President of the Baltimore City Council; and (15) North Carolina Attorney General Roy Cooper.

Plaintiff filed a complaint and a motion for preliminary injunction on October 14, 2005. On November 22, 2005, plaintiff filed an amended complaint adding claims against two Maryland state officials. On May 8, 2006, plaintiff filed a "Motion to Amend," seeking to join Judge Timothy Dorry as a defendant. The case is now before this Court on separate motions to dismiss filed by the federal defendants, Maryland state defendants, and North Carolina Attorney General Roy Cooper. Upon consideration of the arguments of the parties and the entire record in the case, the Court grants defendants' motions to dismiss, denies plaintiff's motion to join an additional defendant, and dismisses *sua sponte* plaintiff's claims against City of Baltimore officials Martin O'Malley and Sheila Dixon, who as yet have not responded to the complaint.

I. DISCUSSION

*A. Standard of Review*

Defendants have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of personal jurisdiction under Rule 12(b)(2).[2]

On a motion to dismiss for failure to state a claim, the Court must assume the truth of the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint is construed liberally in plaintiff's favor, and the Court must grant plaintiff the benefit of all reasonable

---

[2] Defendants also move to dismiss the complaint for, *inter alia*, lack of subject matter jurisdiction under Rule 12(b)(1). Because the Court grants defendants' motions under Rules 12(b)(2) and 12(b)(6), it need not consider this alternative ground for dismissal.

inferences that can be derived from the facts alleged. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001). Nonetheless, the Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions. See Western Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d at 1276.

*Pro se* complaints are held to a less stringent standard than complaints drafted by attorneys. See Amiri v. Hilton Washington Hotel, 360 F. Supp.2d 38, 41-42 (D.D.C. 2003); see also Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002). Even a *pro se* plaintiff's inferences, however, "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions in the form of factual allegations.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

Where it is clear that the plaintiff "cannot possibly win relief," the Court need not await a formal motion under Rule 12(b)(6), but may, on its own initiative, dismiss a complaint for failure to state a claim. See Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994) (quoting Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)); 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 409 n.4 (3d ed. 2004).

When a defendant files a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing personal jurisdiction. Plaintiff must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations. See GTE New Media Servs., Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom*, GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000); Comsat Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 520 (D.D.C. 1985).

### B.  Federal Defendants

Plaintiff has named several federal officials as defendants:  (1) Judges Frederick Motz and William D. Quarles of the United States District Court for the District of Maryland; (2) Felicia Cannon, Clerk of that court; (3) Judge J. Harvie Wilkinson of the United States Court of Appeals for the Fourth Circuit; (4) Samuel W. Phillips and Patricia S. Connor, the Circuit Executive and Clerk, respectively, of the Fourth Circuit; (5) Albert N. Moskowitz and Chris Letkewicz of the Department of Justice's Civil Rights Division, Criminal Section.  These defendants (collectively, the "federal defendants") have filed a motion to dismiss asserting a variety of defenses, including absolute and/or qualified immunity; lack of personal jurisdiction; improper service of process; improper venue; collateral estoppel or *res judicata*; lack of subject matter jurisdiction; and failure to state a claim.  Because it finds that these defendants are immune from suit, and that the Court has no personal jurisdiction over most of them, the Court grants the federal defendants' motion without the need to consider all of the asserted defenses.

1. Judicial immunity

The majority of the federal defendants are judicial officers sued in their official capacities. Plaintiff's claims against these individuals are barred by the doctrine of judicial immunity and therefore must be dismissed for failure to state a claim.

In general, judges are immune from suit for money damages. Mireles v. Waco, 502 U.S. 9 (1991); Cleavinger v. Saxner, 474 U.S. 193 (1985); Butz v. Economou, 438 U.S. 478, 508-09 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 347-48 (1872)); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (state judge immune from suit for money damages under common law and 42 U.S.C. § 1983). Absolute judicial immunity provides immunity from suit as well as from the ultimate imposition of damages, and may not be overcome even by allegations of bad faith or malice. See Mireles v. Waco, 502 U.S. at 11.[3] Of the federal defendants, Frederick Motz, William D. Quarles, and J. Harvie Wilkinson all are sitting judges. The only intelligible allegations in the complaint regarding these individuals describe acts undertaken in their judicial capacities. See Compl. ¶¶ 6, 7, 11, 12, 50, 52 (Motz), 13, 14 (Quarles), 17, 18, 19 (Wilkinson). Plaintiff's claims against these defendants therefore are barred by absolute judicial immunity.

Individuals other than judges who play an "integral" part in the judicial process also may be entitled to immunity in some circumstances. Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983). To determine whether such an individual is performing a judicial function, the Court must inquire "whether the acts in question are 'truly judicial' in nature[.]'" Schinner v. Strathmann, 711 F. Supp. 1143, 1144 (D.D.C. 1989). In this circuit that immunity has been held

---

[3] A judge may be criminally liable for willful deprivations of constitutional rights pursuant to 18 U.S.C. § 242, but the same judge is absolutely immune from suit for civil money damages for the same alleged unconstitutional deprivation. See Mireles v. Waco, 502 U.S. at 10 n.1; Imbler v. Pachtman, 424 U.S. 409, 429 (1976); O'Shea v. Littleton, 414 U.S. 488, 503 (1974).

to extend to court clerks. See Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"). Federal defendants Samuel W. Phillips, Patricia S. Connor, and Felicia C. Cannon all are court officers sued in their official capacities. See Compl. ¶¶ 15, 16 (Cannon), 52 (Phillips and Connor). Plaintiff's allegations of malfeasance notwithstanding, the allegations in the complaint describe "judicial acts" undertaken in the course of these individuals' official duties. Plaintiff's claims against these defendants therefore also are barred by the doctrine of judicial immunity.

2. Prosecutorial immunity

Plaintiff's claims against Albert Moskowitz and Chris Letkewicz of the Department of Justice Civil Rights Division, Criminal Section are barred by prosecutorial immunity. In general, prosecutors are afforded absolute immunity from civil suits for damages arising from the performance of their official duties, because of their intimate association with the judicial function in initiating and prosecuting suits. See Imbler v. Pachtman, 424 U.S. at 424. This immunity has been extended to administrative officials performing certain functions analogous to those of a prosecutor. See Butz v. Economou, 438 U.S. at 515. Here, plaintiff alleges only that Moskowitz and Letkewicz failed adequately to prosecute "interference with [plaintiff's] rights and liberties." Compl. ¶ 20-22. The reasons for absolute immunity therefore apply with full force here, and plaintiff's claims against Moskowitz and Letkewicz are barred. See Butz v. Economou, 438 U.S. at 515-17; Imbler v. Pachtman, 424 U.S. at 430.

3.  Personal jurisdiction

Plaintiff's claims against defendants Motz, Quarles, Cannon, Wilkinson, Phillips, and Connor also must be dismissed because this Court has no personal jurisdiction over them. As previously stated, plaintiff bears the burden of establishing personal jurisdiction over each individual defendant. See Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 42 (D.D.C. 2003); Taylor v. Gearon, 979 F.Supp. 1, 5 (D.D.C. 1997).

These defendants do not reside within the District of Columbia and their principal places of business (the United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit) are outside of the District, as well.  Because there is no federal long-arm statute, the Court may only exercise personal jurisdiction to the extent authorized by the District of Columbia long-arm statute.  See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991) (even when subject matter jurisdiction is predicated on federal question, plaintiffs must rely on the D.C. long-arm statute to assert personal jurisdiction over out-of-district defendants); Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984) (same).

The D.C. long-arm statute provides that courts in the District of Columbia may assert jurisdiction over any person as to a claim for relief arising from the person's "transacting any business in the District of Columbia" or "causing tortious injury in the District of Columbia[.]"  D.C. CODE ANN. § 13-423(a)(1), (3), (4).  Plaintiff has not alleged that any defendant (with the possible exception of Albert Moskowitz and Chris Letkewicz of the Department of Justice) transacted any business in the District of Columbia, nor does the complaint allege any tortious injury here.  Indeed, plaintiff alleges no involvement with the District of Columbia whatsoever. Accordingly, the D.C. long-arm statute does not provide for the

exercise of personal jurisdiction over defendants Motz, Quarles, Cannon, Wilkinson, Phillips, and Connor. Accordingly, they must be dismissed from the case under Rule 12(b)(2) of the Federal Rules of Civil Procedure.[4]

### C. State Defendants

The complaint also asserts claims against two Maryland state judges, Carole Smith of the Circuit Court for Baltimore City and Norman Johnson of the District Court of Maryland; Maryland Attorney General J. Joseph Curran, Jr.; and North Carolina Attorney General Roy Cooper. All are sued in their official capacities for acts undertaken in the course of their duties. See Compl. ¶¶ 38-48 (Cooper); Am. Compl. ¶¶ 1-4 (Smith and Johnson). Plaintiff also has named the State of Maryland as a defendant. The Maryland state officials and the State of Maryland filed a motion to dismiss on February 1, 2006; Attorney General Cooper filed a separate motion to dismiss on December 14, 2005. The Court will grant these motions to dismiss for the same reasons the federal defendants were dismissed from the case – the defendants' immunity to suit and the Court's lack of personal jurisdiction over them – as well as the plaintiff's failure to state a claim against Attorney General Cooper.

Plaintiff's claims as to Judge Smith and Judge Johnson pertain only to acts taken in their official capacities, and therefore are barred by judicial immunity. See Mireles v. Waco, 502 U.S. at 11. Plaintiff's claim against Attorney General Roy Cooper is difficult to discern from the complaint, but appears to arise from plaintiff's 1977 prosecution in North Carolina for an unspecified crime, which prosecution plaintiff claims was tainted by racism. See Compl.

---

[4] Because the Civil Rights Division of the Department of Justice is located in the District of Columbia, it appears that personal jurisdiction over Albert Moskowitz and Chris Letkewicz does exist.

¶¶ 38-48. The North Carolina Attorney General's actions in the course of such a prosecution are barred by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. at 424. In any event, plaintiff's claims against the North Carolina Attorney General also must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they fail to state a claim on which relief can be granted. Although the complaint makes generalized allegations of "judicial racism" in his prosecution (and, perhaps, in the conduct of a related civil suit), it describes no conduct by the Attorney General beyond former Attorney General Rufus Edmonston's "pledging his support and prayer" for plaintiff. Compl. ¶ 43. No matter how liberally the complaint is construed, such conduct does not give rise to an actionable claim.

Moreover, plaintiff has alleged no contact whatsoever between these defendants and the District of Columbia. Consequently, the D.C. long-arm statute does not apply and the Court lacks personal jurisdiction over the individual defendants. The Court therefore dismisses plaintiff's complaint as to Judge Carole Smith, Judge Norman Johnson, Maryland Attorney General J. Joseph Curran, Jr., and North Carolina Attorney General Roy Cooper.

### D. The State of Maryland

The Court also lacks personal jurisdiction over the State of Maryland, which plaintiff joined as a defendant in his Amended Complaint. The District of Columbia long-arm statute does not authorize personal jurisdiction over state governments, because states are not "persons" within the meaning of the statute. See United States v. Ferrara, 54 F.3d at 831-32. The statute would not afford personal jurisdiction here in any event because the complaint alleges no tortious injury in the District of Columbia and no relevant contact between the State of

Maryland and this jurisdiction. The State of Maryland therefore will be dismissed from the case under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### E. Baltimore City Defendants

Finally, plaintiff asserts claims against Baltimore Mayor Martin O'Malley and Baltimore City Council President Sheila Dixon. See Compl. ¶¶ 23-37. These defendants have not responded to the complaint. Nonetheless, the Court will dismiss the complaint against them *sua sponte* for failure to state a claim. As far as can be discerned, plaintiff complains that Mr. O'Malley and Ms.Dixon failed to support plaintiff in a civil lawsuit arising from a 2000 altercation between plaintiff and a member of the Baltimore City Police Department, despite defendants having made campaign promises that they would work to curb racially-based harassment by Baltimore City police officers. See id. ¶¶ 30-32. Not surprisingly, Congress has never seen fit to create a federal cause of action based on an elected official's failure to fulfill a campaign promise, and the Court can discern no cognizable constitutional claim in plaintiff's complaint. Plaintiff's factual allegations therefore do not state a claim cognizable under federal law. It is clear that "the plaintiff cannot possibly win relief" on this claim, and the Court will dismiss the complaint against Mayor O'Malley and Council President Dixon *sua sponte* under Rule 12(b)(6). See Best v. Kelly, 39 F.3d at 331.

### F. Motion to Amend

Plaintiff also seeks to amend his complaint to join Judge Timothy Dorry as a defendant. Plaintiff does not seek money damages from Judge Dorry; rather, he seeks an injunction to prevent Judge Dorry from taking an unspecified action in a landlord/tenant

proceeding in the Circuit Court of Baltimore, over which Judge Dorry appears to be presiding. See Motion to Amend ¶¶ 1-2.

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a). See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989). The Court, however, may deny a motion to amend a complaint as futile where "the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Upon review of the proposed amendment, the Court cannot discern any basis for granting an injunction against Judge Dorry. Plaintiff's proposed amended complaint fails to state an intelligible claim under federal law and would be subject to dismissal under Rule 12(b)(6). The Court therefore finds that amendment would be futile and accordingly denies plaintiff's motion to amend. See James Madison Ltd. v. Ludwig, 82 F.3d at 1099.

## II. CONCLUSION

For the reasons stated above, the Court grants defendants' motions to dismiss, dismisses *sua sponte* plaintiff's claims against Martin O'Malley and Sheila Dixon, and denies plaintiff's motion to amend his complaint. Plaintiff's other pending motions also will be denied as moot. An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 23, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
WILLIAM MOORE,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   Civil Action No. 05-2031 (PLF)
                                        )
FREDERICK MOTZ, et al.,                 )
                                        )
            Defendants.                 )
_____ )

ORDER

For the reasons set forth in the Opinion issued this same day, it is hereby

ORDERED that [11] defendant Roy Cooper's motion to dismiss is GRANTED; it is

FURTHER ORDERED that [19] the federal defendants' motion to dismiss is GRANTED; it is

FURTHER ORDERED that [20] the Maryland state defendants' motion to dismiss is GRANTED; it is

FURTHER ORDERED that plaintiff's claims against Martin O'Malley and Sheila Dixon are DISMISSED *sua sponte*; it is

FURTHER ORDERED that [31] plaintiff's motion to amend is DENIED; it is

FURTHER ORDERED that [2] plaintiff's motion for a preliminary injunction is DENIED as moot; it is

FURTHER ORDERED that [22] plaintiff's motion for a temporary restraining order is DENIED as moot; it is

FURTHER ORDERED that [27] plaintiff's motion for reconsideration is DENIED as moot; it is

FURTHER ORDERED that this case is DISMISSED from the docket of this Court; and it is

FURTHER ORDERED that this Order and Judgment shall constitute a FINAL JUDGMENT in this case.  This is a final appealable order.  See FED. R. APP. P. 4(a).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 23, 2006