# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM MOORE
### Plaintiff

vs.

Civil Action No. 05-2031 (PLF)

FREDERICK MOTZ, et al.,
### Defendant

RECEIVED
MAY - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## NOTICE OF APPEAL

Notice is hereby given this **30TH** day of **April** , 20**07** , that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the **9/26/06** day of **3/6** , 20**07** in favor of **THE PLAINTIFF (DENIED) BECAUSE OF RACE AFRICAN AMERICA** against said **DEFENDANTS CITY, STATE, FEDERAL GOVERNMENTAL OFFICIALS. THE JUDICIAL COUNCIL CHIEF APPEALS COURT DECLARED NO COURT CAN DEPRIVE A NEGRO AN APPEAL, FINALIZED 3/6/07. DOCUMENTS TAINTED AGAIN 3/15/07.**

**ATTACHED EXHIBITS IN SUPPORT (4)**

_____
Attorney or Pro Se Litigant

Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

CLERK    Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

# UNITED STATES DISTRICT COURT

### District of   COLUMBIA

WILLIAM MOORE

Plaintiff

V.

FREDERICK MOTZ, et al.,

Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:   05-2031 (PLF)

I, _William Moore_ _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant/respondent   ☐ other _____

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?         ☐ Yes         ☒ No         (If "No," go to Part 2)

If "Yes," state the place of your incarceration _____

Are you employed at the institution? _____ Do you receive any payment from the institution? _____

Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?         ☐ Yes         ☒ No

a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.  (List both gross and net salary.)

b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

In the past 12 twelve months have you received any money from any of the following sources?

a. Business, profession or other self-employment         ☒ Yes         ☐ No
b. Rent payments, interest or dividends         ☐ Yes         ☒ No
c. Pensions, annuities or life insurance payments         ☐ Yes         ☒ No
d. Disability or workers compensation payments         ☐ Yes         ☒ No
e. Gifts or inheritances         ☐ Yes         ☒ No
f. Any other sources         ☐ Yes         ☒ No

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

240 Reverse (Rev. 10/03)

**Do you have any cash or checking or savings accounts?**        ☐ Yes        ☒ No

**If "Yes," state the total amount.**  *None*

**Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?**        ☐ Yes        ☒ No

**If "Yes," describe the property and state its value.**

**List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.  (If children are dependents, please refer to them by their initials)**

declare under penalty of perjury that the above information is true and correct.

| | |
|---|---|
| 4/1/07 | _William Moor_ |
| Date | Signature of Applicant |

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

## ORDER OF THE COURT

| The application is hereby denied. | The application is hereby granted.  Let the applicant proceed without prepayment of costs or fees or the necessity of giving security thereof. |
|---|---|
| _____ United States Judge | _____ Date | _____ United States Judge | _____ Date |

# CERTIFICATE OF SERVICE

Appellees attorneys on record set forth submitted rule 17(B)(1) federal

Rules of civil procedure pursuant set forth has been submitted.

Kenneth L. Wainstein

R. Craig Lawrence

John Henault
555 4th Street
Washington, D.C 20530

Attorneys for the United States Appellees
Frederick Motz

William D. Quarles

Felicia Cannon
101 West Lombard Street
Baltimore, MD 21201

J. Harvie Wilkinson

Samuel W. Phillips

Patricia S. Connor

Albert N. Moskowitz

Chris Letkewicz

United States Court of Appeals
1100 East Main Street
Richmond, VA 23219-3517

Douglas Ganster
Gloria Wilson

Attorney General Office
Courts Division
200 St. Paul Place, 20th fl
Baltimore, MD 21202

**Attorneys for the State of Maryland**
**Norman Johnson**

**Carole Smith**

**David Roy Blackwell**
**North Carolina Department of Justice**
**P.O Box 629**
**Raleigh, N.C 27603**

**Martin O'Malley**
**State House**
**100 State Circle**
**Annapolis, MD 21401**

**Sheilia Dixon**
**100 North Holliday Street**
**City Hall**
**Baltimore, Maryland 21202**

**On this 26th of April 2007**

*Exhibit 7(1)*

# The Judicial Council
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

In the Matter of

**Judicial Council Complaint No. 06-15**

**A Charge of Judicial
Misconduct or Disability**

Before: Ginsburg, *Chief Judge of the Circuit*

### ORDER

Upon consideration of the complaint herein, filed against a judge of the United States District Court for the District of Columbia pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 and the Rules of the Judicial Council for the District of Columbia Circuit Governing Complaints of Judicial Misconduct or Disability, it is

**ORDERED,** for the reasons stated in the attached Memorandum, that the complaint be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii).

The Clerk is directed to send copies of this Order and accompanying Memorandum to complainant, the subject judge, and the Chief Judge of the United States District Court. *See* 28 U.S.C. § 352(b); D.C. CIR. JUD. MISCONDUCT R. 4(f)(1).

Douglas H. Ginsburg, Chief Judge
District of Columbia Circuit

Date: 09-26-2006



# M E M O R A N D U M

Complainant alleges that a United States District Court Judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. To the extent the nature of complainant's complaint can be deciphered, it appears that complainant is alleging that the subject judge abused his authority by dismissing complainant's underlying complaint. The allegation, however, does not provide any grounds for action against the subject judge.

Complainant's allegation that the subject judge's decision was improper, is clearly an attempt to challenge the substance of the subject judge's order. The appropriate avenue to obtain relief from alleged erroneous rulings is not a judicial misconduct proceeding. *See* 28 U.S.C. § 352(b)(1)(A)(ii) (providing for dismissal of a complaint that is "directly related to the merits of a decision or procedural ruling"); D.C. CIR. JUD. MISCONDUCT R. 1(e) ("The complaint procedure is not intended to provide a means of obtaining review of a judge's decision or ruling in a case."). Complainant's proper avenue for seeking relief would have been to note an appeal. The complaint, therefore, must be dismissed.[1]

---

[1] Pursuant to 28 U.S.C. § 352(c) and D.C. CIR. JUD. MISCONDUCT R. 5, complainant may file a petition for review by the Judicial Council for the District of Columbia Circuit. Any petition must be filed in the Office of the Clerk of the Court of Appeals within 30 days of the date of the Clerk's letter transmitting the dismissal Order and this Memorandum. *Id.* R. 6(a).

*Exhibit (2)*

# The Judicial Council
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

In the Matter of

**Judicial Council Complaint No. 06-15**

**A CHARGE OF JUDICIAL
MISCONDUCT OR DISABILITY**

## N O T I C E

TO:     Mr. William Moore
         2428 Greenmount Avenue
         Baltimore, MD 21218

You are hereby notified that by order entered today (copy enclosed) the Judicial Council of the District of Columbia Circuit has denied complainant's petition for review. This order is final and is not reviewable.

Mark J. Langer, Clerk
U.S. Court of Appeals for
the D.C. Circuit

Date:  March 6, 2007

## UNITED STATES DISTRICT COURT
## OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

**WILIAM MOORE**
**APPELLANT**

**CIVIL ACTION NO: 04-1203PF**

**VS.**
**FREDERICK MOTZ, ET.AL**
**APPELLEES**

## WAIVER OF FEE OF JUDICIAL COUNCIL DECREE

William Moore, the appellant herein set forth of reason to waive fee and base his appeal

Set forth in the judicial council order and final on March 6, 2001.

Appellant rights had been violated by the above captioned case set forth of

Appellant seeking under Title 28 U.S.C. A (A)(5) facilitating settlement on an opinion in the

United States Supreme Court Certiorari Number 04-1203 United States Vs. Georgia related to

All appelles.

On or about March 16, 2007 the Honorable Clerk of Court Nancy M. Mayer-

Whittington, Room 1834 received at her attention by postage mailing priority two copies

Of the same, and shredded the documents due the magnitude of the contents that appellant was

Made aware of April 12, 2007 by the clerk of the sabotage pleading never denied by the

Appelles.

The appelles were also served, In which under D.C. Circuit Court Judicial misconduct

R5 pursuant to 28 U.S.C.SS 352CC, In which appellant had been ordered by the district court

Judge (1)to close the file in the case (2)move the case from the docket (3) this is a final appeal-

able order. This matter warranted under SS355 under the judicial council rules.

In the constitution, that indeed would confirm the supreme courts certiorari argument

August 25, 2006.

This appeal further relate to another improper proceeding in which this party is an Appellate in NO.01-9020 United States fourth Circuit Court of appeals. (see attached ruling)

The Gist of this action on appeal raise issue by the senate, congressional member and Judicial member, supported in appellant exhibits, that forces a person on the wrong side of the Law. Two of these related claims had been over ruled by two judges in which appellant was Denied due process. The Supreme courts certiorari has already set the stage for appellant Liability under SS5 empowered by congress and article II money damages, the certiorari in United States vs. Georgia NO-04-1203, ss12021, 12101 (B) (4) abrogated immune from suit. The Maryland Court of Appeals declared in an October 2001, report confirms racism.

*Exhibit (3)*

```
              Waverly Post Office
             BALTIMORE, Maryland
                  212189998
               2303830037 -0096
03/14/2007     (410)467-8378    12:57:03 PM
```

```
                   Sales Receipt
                        Sale  Unit        Final
Product                 Qty   Price       Price
Description
                                          $4.05
WASHINGTON DC 20001
Priority Mail
7.60 oz.                                  ========
                                          $4.05

   Issue PVI:
                                          _____
                                          $4.05

Total:

Paid by:                                  $5.05
Cash                                     -$1.00
Change Due:


Bill#: 1000402233463
Clerk: 09
       All sales final on stamps and postage.
       Refunds for guaranteed services only.
           Thank you for your business.
                  Customer Copy
```

William Moore
2428 Greenmount Ave
Baltimore, Maryland 21218
(410) 243-9534

*Exhibit (4)*

March 13, 2007

Clerk
United States District Court
For the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

Title 28 U.S.C.A.
Rule 16 PreTrial Conference
26(A)(5) Facilitating Settlement
of Case

Modification Set Forth of
Judicial Council Complaint No. 06-15

Re:     William Moore v. Frederick Motz, Et Al.
Civil Action No.: 1:05-CV-0231 PE

Dear Clerk:

Please submit the above docket case reopen for an immediate hearing for liability.  The
Chief Judge Douglass Ginsburg, simultaneously found the action to close this in violation
of judicial misconduct D.C. Cir. Jud. Misconduct R.! (E) and in peccant violation of the
United States code of all Jud. Circuits.  The proceedings were tainted by defendants
Federal Attorneys who staged a court decree as a final order, and labeled plaintiff as a
former prisoner prior to this case file on the pleadings and merits of 42 U.S.C. 1983
March 30, 2006.

Therefore, any other criminal civil rights disparities will be submitted for criminal
sanctions, per-se an immediate hearing before a jury or settlement entered by this
Honorable Court.

Please feel free to advise me of the status of this matter.

Respectfully Submitted.

*William Moore*
William Moore

United States District Court
For The District of Columbia

William Moore
        Plaintiff

   v.

Frederick Motz, Et Al.,
        Defendants

Civil Action No: 05-2031 (PLF)
Hearing Requested for Liability on Merits
and Pleading FED.R. C:V.P.8(b)

### Plaintiff demands Liability on the Grounds of Cir. Jud. Misconduct R. 1 (E), Submitted of the Chief Judges Decree

1. On September 26, 2006 the Chief Judge in judicial council complaint No. 06-15 decree that William Moore lawfully had proper avenue for seeking relief to note an appeal.

2. Defendants counsels for federal defendants had illegally orchestrated a court order that was disfranchise as a final appealable order.

3. On June 23, 2006 the court ordered that the case be moved from the docket and ordered this is a final appealable order, in the first instant this is not appealable review in this court.

4. This tainted proceeding has mustard the misrule, supportive of plaintiff factual support for his allegations in 10 Wright, Mille & Kane, Fed. Practice & procedures SS 2688.

5. The averments on the merits and pleadings of Fed.R. Civ. P. 8(b) 2 AJ. Moore, Federal Practive 8.22 1968 in consistent with the court March 30, 2006 decree on the pleadings and merits of 42 U.S.C. 1983, followed by the United States Supreme Courts Certiorari, United States v. Georgia Et Al, No. 04-1203 confirms plaintiff liability set forth in all claims, in the gravity of civil/criminal acts.

6. Therefore, the courts ruling has been superseded on a judicial council complaint now on petition for review that set forth already reserved as a right to appeal, supported by counsels liability for engaging malpractice and subjection to discipline that does not exempt the lawyer from obeying rules of professional responsibility of another person. The two defendants unresponsive pleading, is subject to default judgment by not defending. <u>Augusta Fiberglass Coatings, Inc.</u> v. <u>Fodor Contracting Corp.</u>, 843 F. 2D 808(4th Cir 1988). All liability conforms Fed.R.Civ.P. 7(b) (1) already submitted.

Respectfully, submitted for an expeditiously hearing.

_William Moore_
William Moore

William Moore
          Plaintiff
   v.

Frederick Motz, Et Al.,
          Defendants

Civil Action No: 05-2031 (PF)

William Moore, seeks this court to order as to all parties litigated in the complaint rendered in the June 23, 2006 case. I am submitting a copy of that order for former Mayor Martin O'Malley now Governor for the State of Maryland and Mayor Sheila Dixon, as set forth in the order waived their fifth amendment of self incrimination. In Moore's Injunction Rule (65) sought the two from seeking or holding any public office, that position remains the same, since no answer was entered. A pretrial proceeding of settlement is within. See 6 Wright & Miller, Civil SS 1522 (1917). Rule 15, amended and supplemental pleadings has already been readdressed by affidavits and exhibits. Rule 16( c ) (7) refers to exploring the use of procedures other than litigation to resolve the dispute to employ adjudicatory techniques outside the court house. See pretrial procedures to expedite civil cases in Rule 16( c ) (10) Federal Courts, 4 Just. Sys. J. 135 (1976). The dismissal of violation denial of Moore to appeal has been confirmed by a thirteenth member of the Judicial Council.

THEREFORE IT IS THIS DAY13th of March 2007 I served George Nelson, City Solicitor 100 N. Holiday Street, City Hall Baltimore, Maryland 21202, In Care of Governor Martin O'Malley and Mayor Sheila Dixon.

William Moore
2428 Greenmount Avenue
Baltimore, Maryland 21218
(410) 243-9534

United States District Court
For The District of Columbia
Washington, D.C.
Civil Action No. 1:05-CV02031PF

William Moore
    Plaintiff

vs.

Frederick Motz ET. Al
    Defendants

Answer As To All Parties
United States vs Georgia
No. 04-1203 January 10, 2006
Not Barred Under the
Eleventh Amendment

## Mediation LCVR84

1.    Now comes, William Moore, of Mediation, whose claims derived under

U. S. C. §§ 1983 in violation of the Fourteenth and Fifteenth Amendment of §§ 5

empowered by Congress and Title II.

2.    The defendants set forth of the record before this Honorable Court of factual

sound doctrine in which The United States Supreme Court has engineered

money damages due to Moore under Title II, based on, interference with access

to the judicial process, procedural due process violation, Cruel and Unusual

Punishment and a Lawyer.

3.    In United States v. Georgia this case was based upon an inmate who proceeded

in proper person in which the court abolished State and Federal Sovereign

Immunity.  There has never been a victory of this magnitude since in

Bradley v. Fisher, 13 Wall. 335, 351 (1872) Tenny v. Brandhove, 341 US 367 (1951)

Moore has been in a battle in judicial proceedings since 1977 of 27 years,

sometime to much to bear", was very persistent.

4.      The reasoning for absolute immunity of Judges, police officers, city, State Governmental Official was an act of The Bill of Rights Act of 1866 in which a negro was a slave and due process was not in accord to blacks. Since this case was filed in October 2005 against Judicial Members, City, State, and Federal Officials with this 90 day period. More unjustified judicial proceedings has transpired attached to the courts arguing November 9, 2005 allegations Moore had indeed based his many claims. The Eleventh Amendment is "not" barred from suit.

## Precedent Law Title II of Avertments

5.      Title II authorizes suits by private citizens for money damages against public entities that violate §§ 12132. See 42 U.S.C. §§ 12133 (incorporating by reference 29 U.S.C. §§ 794a).

In enacting the ADA, Congress "invoke{d} the sweep of congressional authority, including the power to enforce the fourteenth amendment . . . ." 42 U.S.C. §§ 12101 (b)(4). Moreover, the Act provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter." §§ 12202. We have accepted this latter statement as an unequivocal expression of Congress's intent to abrogate state sovereign immunity. See *Board*

*of Trustees of Univ. of Ala. V. Garrett,* 531 U. S. 356-364 (2001).

Title II was comparable in all relevant respects to the record that we recently

held sufficient to uphold the application of that title to the entire class of cases

implicating the fundamental right of access to the courts. See *Lane,* 541 U. S., at

533-534. And while it is true that cases involving inadequate medical care and

inhumane conditions of confinement have perhaps been most numerous, courts

have also reviewed myriad other types of claims by interference with access to

the judicial process, and procedural due process violations. See, e.g.,

*Vitek v. Jones,* 445 U. S. 480 (1980) (procedural due process); May v. Sheahan,

226 F. 3d 876 (CA7 2000) (access to judicial process, lawyers, legal materials;

Congress is expressly granted authority to enforce the *substantive provisions* of

the Fourteenth Amendment by providing actions for money damages against

States (emphasis added); *Exparte Virginia,* 100 U. S. 339, 346 (1880).

## Support of Exhibitions Avertments FED. R. C: V. P. 8 (b).

A.    In Moore's complaint for a report on Racial and Ethnic Fairness in the judicial

process created disparities ties against minorities.

B.    That news manuscripts confirms racial disparities in the entire State of Maryland

arena.

C.    In 1983 Frederick Motz Federal Judge allege to have denied Moore due process

confirmative of A. Court Decree for settlement negotiations of scheduling

order of discovery Civil No. JFM-85-3 Moore v. Schmoke, Et Al. followed by

parties negotiation of collateral data in support of the courts docket (16)

paragraph that's conclusive.

D.  In 2000 Frederick Motz violated Rule 17(A) F. R. C. proceedue in Moore v.

O'Malley, JFM 00-1697 using his power of representation, Real Party Interest.

E.  In 2001 a complaint was registered against Motz in No 01-9020, judicial

complaint.

28 U. S. C. §§ 372 followed by Rules and provisions tainted with fraud (A) This

complaint was perpetrated by J. Harvie Wilkinsom III, Chief Judge in violation

of 28 U. S. C. §§ 372 (_C) non frivolous complaints do criminal conduct referred

to by a congressional Member of Congress. (B) This action subsequently

involved Patricia S. Connor, United States Appeal Court Clerk in her fudiciary

duty to commit six counts of Mail Fraud, Obstruction, and Civil Rights

violations. (_C) Followed by Samuel W. Phillips Executive for The Fourth

Circuit Court who's fudiciary duty under Rule 8 (A) Mail Ballot and (E) Notice

of Council decision, in which Phillip set forth under section 372 that The Council

reviewed nothing and submitted by filing April 4, 2001 a fraudulent document.

F.  In 2004 William Quarles, Jr. Federal Judge in WDQ-04-1515 was sued for

violating Fed. R.C. Pro 17(A). He later accepted he "lied" made up a false

document of wrong doing to protect The Mayor of Baltimore City, O'Malley and

all parties attached to these claims.

G.  In 2004, Frederick Motz, presided in JFM-04-3618 in which he was named as

sole defendant in three other actions, that lead to Felicia C. Cannon, Clerk of

Court in which Motz and Quarles are employed later she masterminded a

Default Judgment Rule (5-6) and assigning this case to the judge in his own case.

H.  In 2005 this action further spreads to The Criminal Civil Rights Section Albert n. Moskowitz and Chris Letkewicz, Paralegal Specialist, who should have known that all complaint allegations were serious criminal conduct orchestrated by Martin O'Mally, Mayor and Sheila Dixon, President of City Council knew of Moore's ordeal since 2000 or acts they vowed to never happen of False Arrestees, Battery, Assaults, Homicides, now has escalated in 2006. However since the knowledge of my claim police conduct has changed. To the contrary if the Civil Rights Division who has betrayed of the arrest of a bus driver loaded with passengers that the police whom almost set off a riot, in which I, Moore prevented by good conduct with the officer and citizens of her arrest on April 18, 2005 incorporated by reference.

6.  These actions can be prosecuted under The Criminal Alog of §§ 1983 cited in <u>O'Shea</u> v. <u>Littleton</u> and conduct that independently violated the provisions of §§ 1 of The Fourteenth Amendment.

7.  Moore's complaint calls for the a preliminary of order of precedent raised on the January 10, 2006 certiorari. See <u>Louisiana Ex Rel. Francis</u> v. <u>Resweber</u> 329 U. S. 459, 463 (1947) The Due Process Clause of The Fourteenth Amendment Incorporates The Eight Amendment's guarantee against cruel and unusual punishment, is not barred by immunity.

8.  Moore subsequently amend his complaint on December 20, 2005, incorporating a District Court Judge Norman Johnson, who refuse Moore a right to be heard,

and when Moore demanded due to a pending trial as to the trial he was presiding, also was not allowed.

9.    A Circuit Court Judge Carol Smith allowed $1,600.00 to be granted in a judgment in plain knowledge of Court Track Record that Moore was under bankruptcy pending granting a Caucasian money damages. This action followed an affidavit judgment set for Trial February 21, 2006.

10.    On December 22nd and 23rd Gloria Wilson Shelton, Assistant State of Maryland Attorney General whom had consequently in November prior to this judgment, masterminded a judicial scheme to thwart The Trial for Johnson and Smith. Moore was mailed three court proceedings that a trial on motion, hearing on trial was December 23, 2005, and the case was dismissed, in using the incorrect presorted envelopes, they sustained two hand written addressed to Moore's mailing address and post marked on December 22-23 that also shelton motion was signed by a Judge C. M. Lerner.

11.    On December 27, perceiving four court proceedings the visiting Judge and co-conspirator attempts to recant the tainted proceedings, claiming a motion was held on December 23, and the case was dismissed by all of retired Judges. (See Attachments) (incorporated by reference).

12.    Perceiving this judicial mishap Moore filed a claim against Robert M. Bell, Chief Judge for the State of Maryland, who had knowledge of Moore's Racial/ Ethnic Fairness in the Judicial Report.

13.    On January 25, 2006 Moore received a motion to dismiss Judge Bell, District Court Civil Action # <u>William Moore</u> v. <u>Robert Bell</u> 01010014102006. The

Attorney General, by Gloria Shelton who conspired to the motion to supersede a mandatory Court Decree Judgment supportive of obstruction and mail fraud. In the Judge Bell case Shelton cited The Immunity Common Law, In Stump v. Sparkman, 435 U. S. 349 (1978); Pierson v. Ray, 386, U. S. 547(1967 and etc. not barred under §§ 5 power of Congress United States v. Georgia (see attachment).

14.    On January 15, 2006 in William Moore v. Thomas Sabatino, Et Al Civil Action No. 24-C-05-00 9967 OT, Moore filed in Baltimore Circuit Court a landlord tenant action, at the judgment of a District Court proceeding.  In this case the attorneys were also defendants, that now renders default by fraud.

15.    Service on 12-20-05 was delivered by mail delivery at this address of Attorney Cornelius J. Carmondy.  Carmondy was tipped off as to mail delivery and he defendant apparently by his Client Thomas Sabatino to return the certified mail. Someone at that address signed the return receipt, but instead caught up with the letter carrier to return the mail as addressee unknown.

16.    Moore made a copy of same, and returned by regular mail to Attorney Carmondy at 606 Baltimore Avenue, Suite 100, Towson, MD 21204.  He has relied on this conspiracy.

17.    On or about January 12, 2006, Carmondy from my source of information paid off Circuit Court Judge Joseph H. H. Kaplan to dismiss the case.

18.    On January 12th, Judge Kaplan conspired with Carmondy, in which Carmondy prepared the motion for his client Thomas Sabatino, as Pro-Se.  Kaplan stipulates his ruling on the first sheet of the last of paragraph 4 that inconclusive, no back sheet attached to disguise Carmondy identity.

19.  In stipulation of this document the courts tracking goes from all parties served 12-02-05 in which all were mailed the same time, the case followed a motion to dismiss granted, the true test copy was not received until January 13, 2006. To the contrary even the Clerk of Courts assistant would or should have known the motion to dismiss after service of complaint would have been suspicious enough to alert criminal prosecutorial authorities that "The Act By Judge Joseph Kaplan was unprecedent".

20.  This action was criminal against Attorney Carmondy and Thomas Sabatino for the $105.00 (filing fee), paid certified return receipts of obstruction and mail fraud set forth on the record. A default will be entered for the properties sued for and money damages.

21.  The other parties set forth of the North Carolina Attorney General Roy Cooper claim has been based on the Supreme Court ruling January 10, 2006, case # 04-1203 in a proper-person In-Mate Goodman.

22.  The District Court of Columbia cannot proceed with any further issues in this case only Hearing for Title II Settlement.

23.  On December 21, 2005 John Henault, Assistant United States Attorney sought an enlargement of time to respond. Henault labeled Moore in his second paragraph as (plaintiff, Pro Se Former Prisoner) and he also claims The Writs Act of 28 U. S. C. §§ 1615", a statue meant to cite 28 U. S. C. $$ 1651.

24.  First "as to respond Moore is not Former Prisoner" of Committing a Crime for a $137.00 bad check, Moore did not write, sign, steal, forge, are what ever commit a wrong and the Court in 1978 vacated the 8-10 year prison sentence.

Moore was sentence under The Bill of Rights Act of 1866 as a Unjustified Slave in which John Henault has demonstrated an assault of the claim to bias the court, and his assertion of 28 U. S. C. §§ 1615.

25.  In revelation the judge can be asked or any judge may be asked to rec'use himself.  At these remarks counsel was not even sure who would represent Frederick Motz, Et Al., an incited absolute immunity that also would serve judicial economy.

26.  Moore agree because of the Supreme Courts ruling January 10, 2006 there is no immunity and prisoner have rights, such as in United States v. Georgia No. 04-1203 and plaintiff now demands damages under Title II, to be amended from $75 Million to $125 Million Dollars in which John Henault, D. C. Bar # 171538 prejudice any ones ability to respond to the unethinical, bias and racial overtone that is prejudicial set forth of the record of this court, therefore in 10 Wright, Miller & Kane, Federal Practice & Procedure §§ 2688 the amount of damages remain in full scale litigation.

27.  As to The State of Maryland The Fraud Conspiracy of the Courts Decree or 1985 of $34 Billion Dollars set forth of records of achieves.  (William Moore v. Kurt Schmoke, Et. Al N-85-003) superseded to defraud Moore JF M-85-003, This Decree was sabotaged there's no statue of limitations in contempt fraud, and settlement is proper see <u>Delta Air Lines, Inc.</u> v. <u>August</u>, 450 U. S. 346, 352, 101 S. CT. 1146, 1150, 67 L. ED. 2d 287 (1981).

28.    Under The Constitution Amplified "That" Of Judges, Lawyers "That" The State

of Maryland Judicial System was racist.

## **Proper Venue**

Plaintiff Moore, under the Fourth Amendment due process submitted a report on Racial/

Ethnic Fairness in the judicial process and now he submitted and news manuscripts.

Defendants Counsel for Judges Johnson and Smith admits to Moore's conspiracy of

extortion of his bankruptcy denied the right to be heard in court because of his race.

Since then Moore received seven counts of fraudulent court documents, followed by

another fraudulent court document dated January 12, by another Judge all attached to

this response, in which venue is just and proper as to all defendants.

On September 19, 2005 the Federal Court Judge Chief Thomas Hogan, acknowledged

Moore struggle in submitting his claim supported by exhibits and rendered Moore

Legal Pro-Bono to return in compliance of rules.  See 28 U. S. C. §§ 1335 (referred to as

"Statutory Interpleaded").  Equity Jurisdiction over Interpleaded actions supported by

Jurisdiction and Venue In Pennoyer v. Neff, 95 U. S. 714, 732-733, 24 L. ED. 565

(1877).  Pennoyer v. Neff, 95 U. S., st 720, we emphasized that the reasonableness of

asserting jurisdiction over the defendant must be assessed "in the context of our federal

government", Due Process Clause ensures not only fairness, but also the "orderly

administration of the laws", the requirements for personal jurisdiction over nonresidents

have evolved from the rigid rule of Pennoyer v. Neff, to the flexible standard of

Internation Shoe Co. v. Washington.  Thus, the Due Process Clause "does not contemplate

that a state may make binding a judgment in personam against an individual or

corporate defendant with which the state has no contacts, ties, or relations." Even

minimal or no inconvenience even The State has a strong interest even if the forum State

most convenient location, the Due Process Claus, may sometimes act to divest the State

of its power to render a valid judgment. The plaintiff is the focus of the activities of the

defendants out of which the suit arises.

Defendants challenge the limitation of Moore's claim. The notice of the Institution of

Lawsuit required by Fed. R. C. Pro Rule 15 © need not be formal. If a person who

receives notice of the legal action within the limitations period should know from the

information received that he may be liable to plaintiff by reason of the claim for damages,

in the 1985 claim.

## Allege Res Judicata Is Moot

Defendants assert Res Judicata is Moot under The Fourteenth Amendment.

Precision Air Parts, Inc. v. Avco Corp., 736 F. @D 1499, 1503 (11th C:R. 1984), CERT.

Denied, 469 U. S. 1191, 105 S. CT. 966, 83 L. ED. 2D 970 (1985). The Fifth C:R. has

recognized an exception in Constitutional Cases: "Faced with changing Law, Court

hearing questions of Constitutional rights (cannot) be limited by Res Judication if they

were, the Constitution would be applied differently in different locations." Parnell v.

Rapides Parish School Bd., 565 F. 2d 180, 185 (5" C.R. 1977), CERT. denied, 438 U. S. 915,

98 S. CT. 3144, 3144, 57 L. ED. 2d 1160 (1978).

On January 10, 2006 the law changed absolute and/or qualified immunity United

States v. Georgia No 04-1203.

The Federal Government cannot seek the court to prohibit an appeal set forth of

counsel.  Right to appeal Title 28 U. S. C. §§ 1291.

All plaintiff illegal proceedings under The Fourteenth Amendment must proceed.

All of the defendants City, State and Federal has demonstrated from correspondence,

Legal Court Decree, False Decree, False Court proceedings, Mail Racketeering, Letter

Commencing Settlements, Documentations superseding other Judges disposition in

which The Avertments are imperative for a temporary restraining order.

See 2A J. Moore, Federal Practice 8.§§ (1968).  An Averment will be deemed admitted

when the matter is obviously one as to which defendant has knowledge or information.

## Conclusion

The only two defendants not "Responded are Martin O'Malley and Sheila Dixon that

may refer default, but are still admissible in William Moore Preliminary Injunction.

Therefore, since this case has be adjudicated as precedent in United States v. Georgia Et

Al. See attached Unprecendent, Usurpation of Judicial Power.

## Certificate of Service

I hereby certify that on this _____Date:          2007, a copy of the forgoing request
for liability hearing, postage prepaid to:

David Roy Blackwell
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602


Kenneth L. Wainstein
R. Craig Lawrence
John Henault
Assistant United States Attorney's
555 4th Street, NW
Washington, D.C. 20530


Gloria Wilson Shelton
Assistant Attorney General
200 Saint Paul Place, 19th Fl
Baltimore, Maryland 21202


Martin O'Malley
Sheila Dixon
100 North Holliday Street
Baltimore, Maryland 21202


William Moore
2428 Greenmount Ave
Baltimore, Maryland 21218
(410) 243-9534

United States District Court
For The District of Columbia
Washington, D.C.
Civil Action No. 1:05-CV02031PF


William Moore                              .
       Plaintiff                         .

           vs.                        .

Frederick Motz ET. Al                      .
       Defendants                       .


## AMENDMENT OF PLEADINGS
## ARGUMENTS ON RECORD

1.      Plaintiff, William More, Pro-Se amend his Pleadings on Record of defendant

direct or indirect set forth of The United States Supreme Court "precedent" in

United States v. Georgia No.04-1203.

2.      Under the Constitution Amendment XIV (1868) Section 1. All persons born or

naturalized in The United States shall make or enforce any law which shall

abridge the privileges; nor deprive any person of life, liberty, or property,

without due process of law; or deny to any person within it's jurisdiction the

equal protection of the laws.

3.      Moore, in advertently shows in his exhibits direct and indirect of record of

judicial process, deceit of full abuse of process incorporated by references, of

The District and Circuit Courts, discriminatory practices of, in particular the

order by all retired Judges, and foremost the document of Circuit Court

Judge Joseph H. Kaplan, who could analyze as means to thwart filing fees and

then denied access to the court.  Attached to this amendment.

4.    The question now revolves some serious issues set forth of this court of

exhibits submitted with Moore's original complaint.  The exhibit(45) of news

paper manuscript cited of (angry words against judges could in cite deadly

deed).

    a.    These issues raises some serious accountability of Moores pleadings.

        A senator suggested that a mans crimes in killing four people and a

        judge might have grown out of a political frustration who make raw

        political decisions, and perception of judges unaccountable to the

        public.

    b.    Another killing of a judges spouse and mother a Federal Judge of

        Chicago, that renders a prelininary injunction.

    c.    Senator agreed that judges should be independent, and should do their

        duty with respect to the judicial system.  Some conservatives

        complained long before these deaths that too many judges take the

        law into their own hands, ignoring the will of Congress and defendants

        indirect or direct or criminal accountable for their action.

5.    For these reasons Moore's allegations are consistent of the gist of these

extraordinary extenuating; and all of Moore's pleadings and other crimes should

be amended.

It is hereby on this _____ of February 2006 amended declaration.

United States District Court
For The District of Columbia

William Moore                          .        Civil Action No. 05-2031
       Plaintiff                      .        PLF
                   .
      vs.                             .
                   .
Frederick Motz ET. Al                  .
       Defendants                     .

### PLAINTIFF DISPOSITION OF ALL DEFENDANTS OPPOSING A TEMPORARY RESTRAINING ORDER IN ACT WRONGFULLY COMMITTED UNDER ARTICLE VI

Plaintiff, cannot suffer any more irreparable harm of likelihood, as set forth by the United States Supreme Courts ruling in the United States v. Georgia No-04-1203, SS122021, 12101(b) (4) gives Moore the right to file suit in any Federal or State Court of Competent Jurisdiction.

Defendants has cited that their action to violate The Constitution arises under the Bivens v. Six unknown Federal Bureau of Narcotic, 403 U.S. 388(1971). Citing immunity, Moore's actions are based on racism, due process, access to the court, tainted by procedural fraud, mail fraud, obstruction of justice, court rendering court orders falsifying unjustified proceeding, extorting money due Moore under The Fourth Amendment, ball point pen robbery by judges sworn to uphold The Constitution, whom committed these wrongs for political racism. Governmental and City Municipales on record.

The highest court of Maryland has collaborated, as well as news articles affirms Moore's

To: The Honorable Robert M. Bell, Chief Judge, Court of Appeals of Maryland

In October of 2001, the *Retrospective Report, Select Committee on Gender Equality* was issued. At your request, the *Retrospective Report* included a chapter on "Perceptions and Experiences of Racial and Ethnic Fairness." Among the recommendations was that a group be formed to further study and address the perceptions of racial and ethnic fairness found to exist in the Maryland court system. The *Retrospective Report* suggested that a new committee be formed that should ". . . consider surveying litigants to determine their experiences and the perceptions of the public at large regarding racial and/or ethnic bias in the courts." It was also recommended that "a questionnaire be designed to elicit the details supporting future respondents' beliefs that given incidents were based upon racial or ethnic bias."

In 2002, you formulated the concept of creating a Commission on Racial and Ethnic Fairness in the Judicial Process to address the concerns first raised in the *Retrospective Report*. While the Select Committee on Gender Equality primarily focused on feedback from judges, lawyers, and court employees, this new "Fairness Commission" was to focus on contacts with actual litigants, witnesses, and jurors. You later explained your broader statement of purpose to the Fairness Commission:

> The Commission on Racial and Ethnic Fairness in the Judicial Process has been asked to undertake a critical examination of court-related equality issues in court users' clients, and other parts of the African American, Hispanic and Asian communities, and to propose solutions to the identified problems that are within the power of the judiciary to implement . . . . It is imperative that our legal system operate without bias of any kind, and be perceived as dispensing justice fairly and equitably.

The Fairness Commission was duly formed and began meeting in 2002. Consistent with your directions that we were to be concerned with solutions "that are within the power of the judiciary to implement," we determined that our efforts would primarily concentrate on examining the judicial process from "a front door to the back door of the courthouse" perspective. In other words, we were to focus on the courts' interactions with the interested parties throughout the litigation experience.

Through the State's competitive bidding process, the Fairness Commission procured the services of Market Insight, and its representative Ms. Anita Daniel, to assist the Commission in developing methodology for the study. After Market Insight was selected, Ms. Daniel attended most of our meetings and hearings. With her assistance, the Fairness Commission developed the questionnaire and public hearing format. A copy of the questionnaire is attached in an appendix to the report.

During our term, the Fairness Commission was subjected to increasingly severe budgetary limitations. For example, we struggled to hold meaningful public hearings without an advertising budget. In that regard, the members of the Fairness Commission, and the court's public relations office, made herculean efforts to inform the public of hearings to be held in the various regions of the State. Nonetheless, public attendance at the hearings ranged from fair in

Salisbury, to nonexistent or sparse in Southern Maryland, Western Maryland, Baltimore City, and suburban Washington. Delegated members of the Fairness Commission attended each hearing. The comments made during the hearings are encompassed within the data obtained. Summaries of the testimony given at the public hearings are included in the appendix. Given the limited resources and resulting low attendance by the public at the hearings, most of the findings and recommendations contained in our report are based upon the responses to the questionnaires.

The support of the Administrative Office of the Courts, and the Judiciary generally, helped make our report possible. We are confident that, with continuing support, the objectives you set out will be achieved.

Respectfully submitted,

Dale R. Cathell, Chair